Dewey v. Peck.

---

DEWEY v. PECK *et ux.*

Former adjudication: PLEADING. Where a party fails to plead matters which he might have pleaded in defense of an action he will not, in the absence of fraud or artifice on the part of the plaintiff, be afterward permitted to set them up in avoidance of the judgment or of the title to property acquired at execution sale thereunder.

*Appeal from Jasper Circuit Court.*

THURSDAY, FEBRUARY 22.

ACTION for the recovery of real property — the east ½ of the north-west ¼ and the north-west ¼ of the north-east ¼ of section 33, township 79, north of range 20, west, in Jasper county. Both defendants deny plaintiff's title to the above last described tract of forty acres; and the wife, E. G. S. Peck, files a cross-petition setting up title in herself as to said forty acres of land, and asking that the sheriff's deed to plaintiff therefor be set aside, and for other relief, etc. Answer to cross-petition in denial. Trial to court, and judgment for defendant on her cross-petition. The plaintiff appeals.

*Clark & Ryan* for the appellant.

*Winslow & Wilson* for the appellee.

COLE, J. — In May, 1856, the defendant, E. R. Peck, became indebted to the plaintiff and his brother in the

sum of $370.33, and to secure the payment thereof in one year from that date, the defendants executed a mortgage, which was duly recorded, upon the land in controversy. The fee title to the eighty acres was in the defendant, E. R. Peck, and to the forty, was in the defendant, E. G. S. Peck; a portion of the money borrowed was used to pay for the land mortgaged. On September 10, 1856, Benjamin Adams recovered judgment in the Jasper district court against E. R. Peck for $238.56, besides costs; and on the day following he also recovered another judgment against said E. R. Peck for $50.55, besides costs. Several executions were issued upon these judgments during 1857–8, and were levied upon a part of the lands in controversy, and one or more sales were made and, at least, one set aside. On the 19th day of June, 1858, the plaintiff, for himself and brother, made an agreement in parol with defendants to receive the eighty acres in full settlement of the mortgage, and to release the balance, provided a clear deed was made to the eighty, within one year; a blank deed for defendants to execute was prepared accordingly, and the defendants were to pay to the plaintiff and his brother, the money they had paid for taxes with ten per cent interest, and $30 to cover their expenses of a trip to Jasper county. At the same time, the plaintiff for himself and brother executed in writing the following agreement: "We have bought of E. R. Peck the east ½ of the north-west ¼ of section 33, township 79, north of range 20, west of the fifth principal meridian, and we hereby give him the privilege of purchasing the said land back during one year from this date, by paying us ten per cent interest and $30 additional. Further, if Peck has an opportunity to sell said land during one year, we will deed, on receipt of the money paid for said land, together with interest, etc., as above specified."

No deed for said eighty acres was ever made by said Peck to the plaintiff or his brother; nor was any thing

ever done toward the execution of said parol agreement above stated, or of the written agreement just recited, nor any money paid upon said indebtedness.

On the 1st day of March, 1860, the plaintiff and his brother, C. C. Dewey, brought suit in the Jasper district court against the said E. R. Peck and E. G. S. Peck, the defendants herein, asking a judgment on the indebtedness to them as above specified, and a foreclosure of the mortgage executed to secure it, as to all the land embraced in it. Due service of notice was made upon both the defendants, and on the 21st day of March, 1861, judgment was rendered against said defendants for $548.30, and a foreclosure ordered as prayed for. A special execution was not issued till in 1865, and under such execution the land embraced in the mortgage was sold to the plaintiffs therein on the 10th day of June, 1865, and a conveyance by the sheriff was made to them accordingly. Afterward, the brother of plaintiff conveyed his interest therein by quit-claim to this plaintiff.

The judgments in favor of Benjamin Adams, as above stated, were assigned to Edmundson, who acknowledged the receipt of four hundred dollars, in full by compromise, of the larger of said judgment, on January 10, 1865, the smaller one having been satisfied prior to that time, and in 1861. The plaintiff paid the taxes annually on all said land from 1856 to 1870, inclusive, except the road taxes for 1858, '60, '67–8–9 and '70, were worked out by the defendant, E. R. Peck. When the defendant, E. R. Peck, paid off the larger Adams judgment in 1865, he wrote plaintiff that he wanted to execute the deed and settle the matter, and got no answer. D. L. Clark, who resides in Newton, Jasper county, was the agent and attorney for plaintiff and his brother during all the time covered by the transactions, and had frequent interviews with defendant, E. R. Peck, respecting the same. The value of the forty acres is variously estimated from three and a

half to twelve dollars per acre. This action was brought March 23, 1870.

The foregoing is a very condensed statement of the material facts in the case, and thereon our conclusion, stated with corresponding brevity is, that the alleged agreement to take the title to the eighty acres in full for the mortgage debt was never executed in whole or even in part by the defendants, but they wholly failed to comply with their part of the agreement, to wit: To make a good title to said eighty acres to the said Deweys, the mortgagees; that they either actually abandoned said agreement, or gave the mortgagees good reason to believe, before the foreclosure action was brought, that they had abandoned it, and was unable to perform it. That the judgment of foreclosure, which was had after due and legal notice to both these defendants, and not rendered until more than a year after such service, constitutes a complete bar to the claim now set up, that the mortgage debt was paid. Even if the facts here alleged would have defeated the foreclosure, it was the clear and plain duty of the defendants to have interposed the same in the foreclosure action; and there is no showing of any fraud, deceit or artifice on the part of the plaintiffs, or of any mistake or misfortune on the part of defendants, operating to prevent the defense being set up in that action. And, further than this, the foreclosure judgment was rendered in March, 1861; the sale under the foreclosure judgment, of which defendants, doubtless, had notice, was not made until June, 1865, and this action not commenced till March, 1870, and yet no steps were taken or efforts made by the defendants to set aside such judgment or sale. It seems to us that to now set at naught a solemn adjudication, had upon such full and complete notice, on the parol showing of the existence of a defense at the time it was rendered, would make judgments of courts of less value than the recollections of a witness, and a judicial record but a byword and re-

proach. " Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that, having been once so tried, all litigation of that question and between those parties should be closed forever." 1 Greenl. on Ev. 522.

In our opinion, the court erred in adjudging that the defendant, E. G. S. Peck, was the owner of the forty acres, and in quieting the title in him. The judgment should have been for the plaintiff for all the land.

Reversed.