YORK v. BOARDMAN ET AL.

1. **Original Notice:** JURISDICTION: FORECLOSURE.  An original notice stated that plaintiff claimed the foreclosure of a certain mortgage, which was properly described, and other relief as prayed for in the petition:  *Held*, that it was sufficient to give the court jurisdiction over the person of the defendant and the subject matter in controversy, although it did not state how much was claimed.

2. **Judgment:** PERSONAL: EQUITY.  When no personal judgment is prayed for, in an action to foreclose a lien, the entry of such a judgment, although erroneous, is not a fraud of which equity will take cognizance.

3. **Equity:** NEGLIGENCE: SALE.  The neglect of defendant to defend in an action to foreclose a mortgage, or to appeal, or to redeem the mortgaged property when it was sold subject to redemption, will deprive him of equitable relief, in the absence of fraud or illegality. notwithstanding the amount realized by the sale was grossly inadequate.

*Appeal from Marshall District Court.*

TUESDAY, OCTOBER 27.

THIS is a suit in equity, commenced November 9, 1872, to enjoin, set aside and declare satisfied a certain judgment of foreclosure rendered by the Circuit Court of Marshall County, May 2, 1871, in a cause wherein H. E. J. Boardman was plaintiff, and H. M. Weeks, Clara J. Weeks, John B. York and J. C. Wallace, were defendants.  The right to the relief is based chiefly upon the alleged insufficiency of the notice, and the fraud of Boardman and Wallace, who alone of the parties in said foreclosure proceedings are made defendants herein. The answer is in general denial, and sets up the fact that one Louisa C. Carpenter owns the judgment, and it so appears of record.  She is also made defendant.

The leading facts, aside from the alleged fraud, are these:  On Feb. 13, 1869, York, this plaintiff, sold H. M. Weeks the southwest quarter of section one, township eighty-two, range twenty, in Marshall county, for $3,500, and received $1,500 of the consideration at the time, and, for the balance, he took Weeks' three notes, payable at successive periods, for $500, $1,000 and

$500, and also took a mortgage upon said real estate to secure their payment. Before the maturity of either of the notes, York sold the two first named notes to Boardman, and indorsed each of them as follows: "waiving demand and notice, I sell, assign and guaranty this note," and also indorsed the mortgage as follows: " For value received I hereby sell and assign the within mortgage to H. E. J. Boardman, and the note for $500, due February 11, 1871, and the $1,000 note herein mentioned, and agree the said notes may take precedence of all others therein named, and I guarantee the payment of said notes, July 8, 1869," (signed.) Afterwards York sold the $500, note last due to J. C. Wallace and indorsed the same as follows: " J. B. York without rekorse;" and afterwards, Wallace sold said note to J. L. Williams, and he sold it to Boardman, and it was indorsed, "waiving demand and notice, pay H. E. J. Boardman, J. C. Wallace."

Upon the maturity of the note first due, default was made in its payment, and by the terms of the mortgage, all became due thereby. Suit was brought by Boardman, April 8, 1871, in the Marshall Circuit Court, for the foreclosure of the mortgage, wherein Weeks and wife, York & Wallace were made defendants, and were duly and personally served with notice, that by April 15, 1871, there will be filed in the Circuit Court, etc., "the petition of H. E. J. Boardman, claiming of you the foreclosure of that certain mortgage given by the defendants, H. M. and Clara J. Weeks, to defendant, John B. York, and assigned to plaintiff. Said mortgage was dated February 13, 1869; also for attorney's fees and such other relief as equity directs. Now unless you appear and make defense, etc., your default will be entered and a decree rendered thereon, and a judgment rendered against each of you as prayed for in said petition." The petition prayed "for a judgment against Weeks and wife, J. B. York and J. C. Wallace, for $2,250, with ten per cent interest, and for $150, attorney's fees, interest and costs, and for a foreclosure of the mortgage, and special execution with general execution after exhausting the mortgaged property, and for other and further relief." The original mortgage with indorsements was appended to the petition.

Default was made, and on May 2, 1871, a personal judgment was rendered against the defendants for the amount claimed with $96.50 for attorney's fees, and for costs; and on the same day Weeks filed his written election to have the property sold subject to redemption. May 10, 1871, special execution was issued, and on June 5, 1871, the mortgaged property was sold thereunder subject to redemption, to Boardman for $1,000. On October 10, 1872, a general execution was issued, and this suit to enjoin, etc., was brought and preliminary injunction granted November 9, 1872. On the hearing the District Court dissolved the injunction as to all of the judgment, except the amount of the $500 note, and interest assigned by York to Wallace, and by him to Boardman, which was included in the judgment, and as to that amount made the injunction perpetual. Both parties appeal, but the plaintiff having first appealed, is herein styled the appellant.

*Henderson & Merriman,* for appellant.

*Boardman & Williams,* for appellees.

COLE, J.—I. The first question made is as to the sufficiency of the notice to sustain the judgment when attacked in this manner. Our statute provides that the notice shall "state generally the nature of the claim, or claims, if more than one, without the need of stating the facts constituting the cause thereof, (as, for example, on account, for a promissory note, for work, for goods sold, for assault and battery, for slander, for the recovery of personal or real property, or in some other such general way,) and if the action is for money, how much is claimed, and unless he appears thereto and defends, etc." Rev., Sec. 2812. The notice in controversy is in strict conformity with the requirements of the statute, except that it does not state how much money is claimed. Whether, where the action is for any other purpose than "for money" *merely*, it is necessary, under the statute, to state "how much is claimed," may well admit of doubt. For instance, if the action is to recover real or personal property, together with

*1. ORIGINAL NOTICE: jurisdiction: foreclosure.*

damages for its wrongful detention, it is not probable that a notice would be held insufficient if it failed to state how much is claimed for the wrongful detention. Further than this, our statute, Rev., Secs. 3660-1-2, prescribes definitely what shall be done by the court in a civil action brought to *foreclose a mortgage.* " If any thing be found due the plaintiff, the court shall render judgment therefor, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the amount due, with interest and costs. A special execution shall issue accordingly. If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution may be issued against the mortgagor, unless the parties have stipulated otherwise." From these provisions it would seem to follow, that a notice of an action " to foreclose a mortgage," is a notice in full to the defendants that the court will find the amount due the plaintiff, will render judgment therefor, will direct the mortgaged property to be sold, will order a special execution to issue for its sale, and will also order a general execution to be issued for any deficiency. Surely such a notice is sufficient to give the court complete and full jurisdiction over the person and subject matter, even if it is not technically and perfectly accurate and in compliance with the directory provisions of the statute first above quoted.

But it has been well held and expressly, that if a judgment in an action to foreclose a lien is entered against the defendant 2. JUDGMENT: personally as well as against the property, when personal : in rem: equity. no personal judgment is prayed for in the complaint, such personal judgment, though erroneous, is not void; and the entry of such judgment is not a fraud, and is not to be set aside in equity. Freem. on Judg., § 487; citing, *Vaughn v. Johnson,* 1 Stock., 175; and *Harnson v. Nettleship,* 2 Mylne & Keene, 423. The notice specifies that the mortgage sued on is that assigned by York to the plaintiff. The sufficiency of the notice in the foreclosure case could hardly be doubted, if it had been attacked *in limine* or by a direct proceeding by appeal; and *a fortiori* it is sufficient when attacked in this manner. *De Tar v. Boone County,* 34 Iowa, 488, and the

cases there cited. The judgment of foreclosure was therefore valid, and cannot be set aside upon this proceeding.

II. It is further claimed that the election by the mortgagor, Weeks, to have the property sold subject to redemption, was *3 EQUITY: negligence: sale.* procured by the fraud of Boardman and Wallace. But a careful examination of the evidence has satisfied each of us that it fails to establish fraud, or any improper conduct in respect to that matter by either of said defendants. We have examined carefully for some principle or equitable basis whereon to rest an affirmance of the order enjoining so much of the judgment as was founded upon the five hundred dollar note, assigned without recourse, but we cannot. Indeed, aside from the assignment itself, the weight of the evidence shows that York sold that note to Wallace with guarantee. The mortgaged property was sold to Boardman for only about one-third to one-half its value, and leaves plaintiff liable to him or his assigns for the balance of the mortgage debt. This seems abstractly inequitable. But it is a result brought by plaintiff upon himself, by his neglect to defend or redeem, and his delay in seeking a remedy by appeal or otherwise. The whole injunction must be dissolved, and the petition dismissed. On plaintiff's appeal the judgment is affirmed; but on defendant's appeal it is

REVERSED.