SANDERS ET AL. V. GODDING ET AL.

1. **Estoppel:** WHAT WILL NOT CREATE: STATUTE OF LIMITATIONS. Possession of land, taken without a valid title thereto, after a termination of occupancy by the owner and a failure to pay the taxes thereon, will not estop him to subsequently assert his title when the possession has not been continued long enough to entitle the occupant to the protection of the statute of limitations.

2. **Deed:** CONSTRUCTION: DISTANCES AND AREAS. Where the distances and areas in the description of a deed do not correspond so as to describe the same quantity of land, the terms describing the distances will control that describing the area, and measure the quantity conveyed, in the absence of words indicating that the latter is to prevail.

*Appeal from Boone Circuit Court.*

TUESDAY, APRIL 3.

ACTION to recover the possession of certain land. The defendants, in their answer, deny generally every allegation of the petition, and, averring that they have had actual adverse possession of the land for more than ten years, they plead the statute of limitation in bar of the action. They also plead an equitable defense, which is set out in the opinion. The cause was tried to the court without a jury, and judgment had for plaintiffs; defendants appeal. The facts of the case involved in the questions of law ruled upon in the opinion appear therein.

*I. N. Kidder*, for appellants.

*Hull & Ramsey*, for appellees.

BECK, J.—I. The parties trace the titles under which they respectively claim to a common source. Plaintiffs claim under the first, or older deed, and defendants under the second, or junior deed; both instruments being executed by the same grantor and conveying the lands in controversy. Defendants insist that possession, of the character which will bar this action, has been held by them and their grantors for

more than ten years; therefore they relied upon the protection of the statute of limitations in the court below. It is now insisted that the Circuit Court erred in not sustaining this defense. The cause is reviewable here upon errors assigned, and is not triable *de novo*. Upon the question of the possession of defendants there was conflict in the evidence, some of the witnesses fixing its commencement within ten years, and others prior to that period. In this state of the record we cannot interfere with the conclusion upon the facts reached by the Circuit Court. While the preponderance of the testimony may have been in support of defendants' answer, we cannot say that there was such absence of proof as warrants the conclusion that the decision of the court below was not rendered in the exercise of judicial discretion fairly applied to the evidence.

II. The equitable defense pleaded in defendants' answer, and relied upon in this court, is to the effect that plaintiffs' ancestor abandoned the land, and the possession thereof was taken by defendants' grantor, or prior grantors under whom they claim, who laid off the land into town lots and sold them as such, the defendants and those under whom they claim paying taxes thereon. Upon these facts it is claimed that plaintiffs are now estopped to set up title. The court found the facts and law against defendants under the issues raised by this defense. The finding of facts is not in conflict with the evidence. It may be remarked that what is called an abandonment, as shown by the evidence, was the termination of the occupancy of the land by plaintiffs' ancestor, and the failure to pay taxes, both by the ancestor and the plaintiffs. Possession was taken of the land by those under whom defendants claim, and the property was treated by them as their own. We know of no principle of law which will raise an estoppel against the recovery of land, by the one holding the legal title, upon such facts. Had possession, of the character required by law, been held by defendants for the period prescribed, the statute of limitations would have interposed a bar to the action. But we have seen that there is no ground to interfere with the Circuit Court's

1. ESTOPPEL: what will not create: statute of limitations.

decision upon this defense. Possession of land, which will not invoke the protection of the statute of limitations, will not create an equitable estoppel against a claimant.

III. It is insisted by the defendants that the court erred in adjudging that plaintiffs were entitled to recover the entire tract of land, on the ground that the evidence discloses that the mother of the plaintiffs is living, who is entitled to one-third of the land as her dower. It is sufficient to say that no such defense was raised in the pleadings, nor in any manner urged in the court below. It cannot be first considered in this court.

IV. The deed under which plaintiffs acquired title to the land describes it as follows: " Commencing at the NE. corner of the acre lot sold by said grantor to N. B. Capron, and dated with this conveyance, thence east 12 rods and 80 links, thence south 12 rods and 50 links, thence west 12 rods and 80 links, thence north 12 rods and 50 links to the place of beginning, said tract to contain just one acre, and the distances shall be so construed." A question of construction arises upon this description in determining the quantity of land conveyed ·by the deed. The distances given measure an area greater than that specified in the description. It is highly probable that the parties, in using the word *links*, intended some length of the lines other than that indicated by the true meaning of the term. The length of the lines, as expressed in the deed, are respectively 15 and 14½ rods. The unusual and erroneous expression of these distances leads to the conclusion that the true length of a link was not understood by the parties to the deed. But these considerations could have no weight in construing the description, in the absence of words showing an intention different from that expressed by the language referred to above.

In descriptions of this character distances control areas described by quantities, in the absence of words indicating that the latter are to prevail. In the case before us the intention is clearly expressed that the specified quantity shall be one acre and that the distances given shall be construed to circumscribe an acre and no more. That it is competent for

2. DEED: construction: distances and areas.

parties so to contract as to suspend the application of recognized rules of construction to their deeds there can be no doubt. In all instruments parties may fix rules for the interpretation of their language and the construction of their covenants, though such rules be in conflict with those ordinarily recognized by law. This authority is secured to all as a natural right. It is of the very essence of the power to contract, and, unless forbidden by law, if that may be, must be recognized by the courts. The land conveyed by the deed is, by its very terms, of the area of one acre. It is to be circumscribed by lines corresponding in length with the distances mentioned in the deed. These may be easily determined by substituting in the place of the word "*links*," wherever it occurs, the term *hundredths of a rod*, which will give the precise area of one acre. We are led to conclude that the parties erroneously supposed that a *link* was the one-hundredth part of a rod, as it is of a chain. But, be this as it may, the distances as indicated here will circumscribe one acre.

The Circuit Court, in construing the description of the land, gave control to the distances instead of the area. In this there was error, for which the judgment must be reversed and the cause remanded.

REVERSED.