McMannis et al v. Rice.

1. **Mortgage: ADMINISTRATOR.** A mortgage by an administrator, in which the name of the mortgagee does not appear, cannot be approved by the probate court. To render a mortgage by an administrator valid, it must be capable of identification as the one approved by the court.

2. ———: ———:, JURISDICTION. Under a guardian's petition asking for an order to sell real estate, the court does not have jurisdiction to make an order authorizing the guardian to mortgage it.

*Appeal from Franklin Circuit Court.*

SATURDAY, APRIL 20.

ACTION to set aside foreclosure sale. The plaintiffs are heirs of one James McMannis, deceased. The mortgaged land belonged to his estate. At the date of the mortgage, March 29, 1873, the plaintiffs, George W. McMannis, James McMannis and John McMannis, were minors. Catherine McMannis, the widow of the decedent and mother of the minors, was their guardian. As such guardian she borrowed money of the defendant for the support and education of her wards. The mortgage in question was given as security for such money. Afterward the mortgage was foreclosed and the property was purchased by the defendant at the foreclosure sale. The plaintiffs were not made parties to the action, and they insist that the mortgage and sale were invalid for various reasons, which will be set out in the opinion. Decree for plaintiffs. Defendant appeals.

*S. P. Leland,* for appellant.

*McKenzie & Hemingway,* for appellees.

ADAMS, J.—The grounds upon which the plaintiffs seek relief are stated as follows: *First,* the petition under which

**1. MORTGAGE: administrator.** the order was made authorizing Catherine McMannis to mortgage the property asked only for an order authorizing her to sell it; *second,* in the proceedings under the petition no guardian *ad litem* was appointed for the minors; *third,* Catherine McMannis signed the mortgage as administratrix and not as guardian, while she was not in fact administratrix, nor had she obtained any order to mortgage as administratrix; *fourth,* the mortgage never was approved; *fifth,* it does not appear that any bond was filed as provided by law.

It will be observed that no question is before us as to whether Catherine McMannis is liable as guardian or otherwise for the money borrowed. The only question is as to whether the mortgage is valid.

The mortgage was executed under the Revision. Section 2558 is in these words: "Deeds may be made by the guardian in his own name, but they must be returned to the court, and the sale or mortgage approved before the same are valid."

Unless, then, the mortgage in question was approved, it is evident it has no validity. The plaintiffs insist that it never was approved. The record upon which the defendant relies as showing an approval, is in these words:

"February Term, 1875. Circuit Court of Franklin County. *Estate of Patrick McMannis v. Catherine McMannis,* administratrix. (Records, page 344.)

"Now on this day this cause coming on for hearing, upon plaintiff's motion to approve the mortgage heretofore executed by said administratrix to ——— upon the real estate belonging to said estate, and it appearing to the court that said mortgage is in due form of law, and that in executing said mortgage the said administratrix has complied with the requirements of the law, the said mortgage is therefore hereby approved.".

The foregoing shows an approval of some mortgage, but was it an approval of the mortgage in question? We cannot say that it so appears. The proceeding is entitled "*Estate of* PAT-

McMannis v. Rice.

RICK *McMannis v. Catherine McMannis, administratrix.*" The name of the defendant to whose estate the land in question belonged was *James* McMannis. Patrick McMannis and James McMannis are not, apparently, the same person.

Again, no mortgagee is named in the mortgage which was approved, but a blank is left for the name. This would indicate that the mortgage approved did not contain the name of a person as mortgagee. The mortgage in question was executed and delivered to the defendant some two years before that time, and the name of the defendant as mortgagee must be presumed to have been written therein at that time.

Looking at the record alone, which is all the evidence which we have before us, we have to say that it does not appear to us that the mortgage therein described is the mortgage in question.

We are of the opinion, too, that the defendant's mortgage was not entitled to be approved. The guardian's petition 2. ——: ——: jurisdiction. was an application to sell, and not to mortgage. The statute required (section 2553 of the Revision) that a copy of the petition should be served upon each minor. From this it is to be assumed that the minor has a right to know precisely what is applied for. The object, of course, is to allow objections to be interposed, if there are any. We think, therefore, that an order to mortgage, of which the minors had no notice, was made without jurisdiction.

Such being our view, it is unnecessary to consider the other objections urged to the mortgage. The judgment of the Circuit Court must be

AFFIRMED.