---

## MALLY ET AL. v. MALLY ET AL.

1. **Res Adjudicata:** DEFENSE NOT PLEADED. Matters which would have constituted a defense to an action for the foreclosure of a mortgage, and if true would have prevented an absolute decree of foreclosure, but which were not pleaded, were held not to be available as a defense to an action for possession of the property under the foreclosure sale.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, DECEMBER 12.

THE plaintiffs brought this action for the possession of the N. E. $\frac{1}{4}$ of section 14, and the E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 24, township 97, range 9, alleging that they are the absolute owners of said property.

The defendants answered alleging that about the 22d day of October, 1870, they owned and possessed the land in petition described. That they had executed and delivered to one Franz Mally a mortgage on said premises to secure the sum of about $5,000 and interest. That said Franz Mally being about to foreclose, for a valuable consideration the following written instrument was executed:

"This agreement, entered into this 22d day of October, 1870, by and between Franz Mally, of Clayton county, and

State of Iowa, party of the first part, and John Mally, of Win-
neshiek county, and State of Iowa, party of the second part,
witnesseth: That whereas, the said Franz Mally, for a valuable,
good and sufficient consideration (the receipt whereof is hereby
acknowledged), do promise and agree with said John Mally
that I will grant a life lease to Christine Mally, the wife of
John Mally, on the following described land to-wit: The S. $\frac{1}{2}$
of the N. E. $\frac{1}{4}$ of section fourteen (14), in township ninety-
seven (97), north of range nine (9), west of the 5th P. M.,
embracing the house, which stands in part on the north half
of said quarter section, to use said house with the south half
of said land as her own during her and her husband's natural
life; but after the death of Christine Mally and John Mally
all right to ownership to said land shall go back to the children
of Franz Mally. I do further agree to give a term lease for
ten (10) years of the north half of the northeast quarter of
section fourteen (14), in township ninety-seven (97), range
nine (9), all in Winneshiek county, Iowa. *Provided*, however,
that said Christine Mally and her husband shall deliver in the
granary at the farm, after the expenses of necessary repairs on
building and fences have been deducted from the amount so
raised on said last named land, for each year during the ten
years, one-third of the balance so left; and Franz Mally is to
pay all taxes assessed against said farm, except on personal
property, which Christine Mally shall pay. It is further
agreed that should Christine Mally at any time be willing to
give up this contract, I will give her a good warranty deed on
eighty acres of land near Le Mars, in Plymouth county, Iowa,
where there is at least four hundred dollars worth of improve-
ments made upon it, and all of the live stock and farming
tools. This contract shall take effect from the day above named
be sold under a foreclosure of a mortgage, wherein A. Bradish
claims a judgment against John Mally, and for the purpose not
to make any more cost to secure the right of redemption for
John Mally, I, Franz Mally, will buy the land at sheriff's sale,
and John Mally waiving all former rights and interest in the
farm, and the new contract under this lease be from that date

in full force and value, except in case that Christine Mally will accept the above agreement left to her option."

That after the execution of the above agreement, and after said notes had matured, Franz Mally, without consideration, assigned to Frederick, Paul E., W. E. and John Mally, said notes and mortgage. That assignees took said assignment with full knowledge of the contents of the foregoing written agreement, and the possession and occupancy of said lands by defendants. That on the 29th of May, 1872, said Frederick, Paul E., W. E. and John Mally commenced an action against defendants to foreclose said mortgage, and in October, 1876, they obtained a decree of foreclosure. That afterward John Mally departed this life, leaving his father, Franz Mally, his only heir, and that he, without consideration, quit-claimed his interest to his daughter, Louisa Schlanker. That upon the foreclosure a deed was executed to N. Willett, plaintiff's agent, and that he conveyed to plaintiffs. Defendants ask that this agreement be enforced. Afterward the defendants filed an amendment to their answer, alleging that the defendant Christine is the wife of the defendant John Mally, and that the title of the plaintiffs to said land was demised subject to the conditions of an assignment as follows:

"For value received, I, Franz Mally, of Clayton county, State of Iowa, hereby set over and transfer and assign to Frederick Mally, John Mally, Paul Mally and Wm. Mally, all of Polk county, State of Iowa, all of my right, title and interest in and to a certain mortgage of the following described premises, to-wit: The northeast quarter of section 14, and the east quarter of the southeast quarter of the southeast quarter of section 24, township 97, range 9, west of the 5th P. M.; executed by John Mally and wife on the 18th day of February, 1870, and filed for record in the office of the recorder of deeds for Winneshiek county, Iowa, on said day, and recorded in book "G" of mortgage deeds, on page 447; together with all my right, title and interest in and to seven (7) promissory notes mentioned in said mortgage and described as follows, to-wit: Four notes for the sum of $775 each, and due respectively in one, two, three and four years after date; one for the

sum of $700, due five years after date; one note dated July 1st, 1869, for the sum of $840, due five months after date; one note dated July 1st, 1870, for the sum of $840, due five months after date, and to the decree of foreclosure heretofore rendered on said mortgage in the District Court of Winneshiek county, Iowa. The consideration of this assignment is that the said Frederick Mally, John Mally, Paul Mally and Wm. Mally shall secure to Christine Mally, of Winneshiek county, Iowa, wife of John Mally, of said county, a lease for the term of ten years, from April 1st, 1872, of the south half of the northeast quarter of section 14, township 97, range 9, on the following terms, to-wit: That the said Christine Mally shall pay to the said assignees one-third ($\frac{1}{3}$) of all the grain or crops of any kind raised on the said south half of the northeast quarter, above described, the said Christine Mally, on condition of keeping in good repair the fence on south, east and west sides of the above described premises, to have all the wild grass growing on said premises, and the assignment is made expressly subject to the procuring of said lease on the terms aforesaid. Witness my hand this 17th day of July, 1871.

FRANZ MALLY."

That the title of the plaintiffs to said premises is founded upon a foreclosure and sale of the same under the mortgage of the defendants to Franz Mally, and is subject to the conditions of this assignment.

To the original answer the plaintiffs replied alleging in substance that the defendants John and Christine Mally were made parties defendant to the foreclosure proceeding; that before the entry of the judgment and decree in said action they filed an additional answer and cross-bill setting forth the written contract set forth in their answer thereto, and asking relief by reason thereof, and that they are now barred and estopped from claiming any interest in said premises by reason of any defense which might have been interposed by them in the former action.

The plaintiffs replied to the amendment to the answer, denying each allegation therein. The cause was tried to the court

and judgment was rendered for the plaintiffs, for the possession of the property in question. The defendants appeal.

*Brown & Wellington*, for appellants.

*Willett & Willett* and *Jas. Embree*, for appellees.

DAY, J.—The stipulation of the parties, and the evidence introduced, establish the following facts: About the 22d day of October, 1870, the defendants were in the possession of the premises described in the petition, and at the same time there was a mortgage on the same, given to Franz Mally, to secure the sum of about $8,000, with interest. On the 22d day of October, 1870, Franz Mally executed the written agreement set out in the original answer of the defendants. On the 17th day of July, 1871, Franz Mally executed an assignment of said mortgage, a copy of which is attached to the amendment to the defendants' answer, to his sons Frederick, Paul, John and William. On the 29th of May, 1872, Frederick, Paul, John and William Mally commenced an action to foreclose said mortgage, making defendants thereto one A. Bradish, and these defendants. The defendants answered alleging fraud in the procurement of the notes and mortgage, that payments had been made which were not indorsed on the notes, and pleading a settlement in full and satisfaction of the mortgage. On the 27th day of October, 1876, the court adjudged that the plaintiffs have judgment for $9,664.50, and a decree of foreclosure as prayed. The defendants then asked until the next day to file an amendment to their answer and cross-bill, and offered to file an amendment setting up the contract set forth in their original answer in the case. Leave to file this amendment was asked after the announcing of judgment by the court, but before the entry of judgment, and was refused on the ground that the offer came too late. A formal decree of foreclosure was then entered up. Under this foreclosure the land in controversy was, on the 23d day of December, 1876, sold to Frederick, Paul, John and William Mally. The certificate of purchase was assigned to

*Marginal note:* 1. RES ADJUDICATA: defense not pleaded.

Norman Willett, and to him a sheriff's deed was executed February 5th, 1877.

February 6th, 1878, Willett conveyed to Frederick, Paul and Franz Mally. April 5th, 1878, Franz Mally conveyed his interest in the premises to Laura Schlanker. Under the title derived as above the plaintiffs claim the immediate possession of the property. The defendants insist that the plaintiffs are not entitled to the immediate possession of the property because of the provisions of the written contracts set out in the answer and the amendment thereto. The plaintiffs in the foreclosure suit prayed for an unconditional foreclosure of the mortgage. The decree rendered is an absolute one, accompanied with the usual incidents, and to be followed by the usual consequences of an absolute foreclosure. It authorized a sale, to be followed, in the absence of redemption, by a sheriff's deed, entitling the purchaser to immediate possession. Such a sale has been made, and such a deed has been executed. If any facts existed at the time of the foreclosure, under which the plaintiffs would not have been entitled to an absolute decree of foreclosure, those facts constituted, *pro tanto*, a defense to the plaintiffs' action, and should have been pleaded as such in the foreclosure proceeding. These written contracts constituted such partial defense, or they did not. If they constituted such partial defense, they should have been set up and relied upon in the foreclosure proceeding, and cannot be made available now. *Hackworth v. Zollars*, 30 Iowa, 433; *Dewey v. Peck*, 33 Iowa, 242; *Lawrence Savings Bank v. Stevens*, 46 Iowa, 429; *Collins v. Chantland*, 48 Iowa, 242.

If these contracts did not then evidence a condition of things which would have prevented an absolute foreclosure, they cannot now be set up to deprive the plaintiffs of the benefits of the absolute foreclosure which they have obtained.

The defendants did offer to set up the contract set out in the original petition, as a defense in the foreclosure proceeding, but not until after the court had announced its judgment in the case. The court refused to allow the amendment as coming too late. It was clearly within the judicial discretion of the court to refuse to allow the amendment under the cir-

cumstances disclosed; and if it were not, the decision of the court, not having been appealed from, is conclusive upon the defendants. In any view of the case the written agreements do not now constitute a defense to the plaintiffs' action.

AFFIRMED.