## EBERSOLE ET AL v. LATTIMER & INGLIS.

1. **Judgment by Default:** CONCLUSIVENESS OF: COLLATERAL ATTACK. Where one makes default in answering a petition, and judgment is rendered against him pursuant to the allegations and prayer of the petition, he is bound thereby, and cannot, in an action to set aside the judgment, be granted relief which he might have had in the principal case. had he appeared and made defense thereto.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, DECEMBER 3.

ACTION in chancery to set aside, cancel, and declare satisfied a judgment rendered against plaintiff in a certain proceeding to foreclose a mortgage. A decree was rendered dismissing plaintiffs' petition, from which they appeal to this court.

*McKenzie & Hemingway*, for appellants.

*D. W. Dow* and *J. H. Bradley*, for appellees.

BECK, J.—I. The facts of the case are as follows: One Heming executed a mortgage upon three separate tracts of land to secure two promissory notes falling due at successive dates. Afterwards the plaintiffs, in consideration of the release of one of the tracts from the lien of the mortgage, executed a contract, indorsed upon the note first falling due, in the following words: "For value received, we hereby guarantee the payment of the within note at maturity." An action to foreclose the mortgage and recover judgment against plaintiffs upon this contract was brought by defendants in this action, and a decree was rendered therein, releasing one of the tracts from the mortgage, except so far as it was a lien for certain taxes paid by the holder of the mortgage, upon the ground of homestead rights thereto. The other

tracts were held subject to the lien of the mortgage, in different sums, which need not be more particularly referred to, and it was directed that each be sold in order to satisfy the amount adjudged against it. No question arises as to the apportionment of the sum due upon the mortgage to the different tracts. The decree, in its last paragraph, contains a judgment in the following language: "It is further ordered that plaintiffs, Lattimer & Inglis, have and recover of Neri Ebersole and Thomas Heming $363.04, with interest at 10 per cent, and that they be adjudged $39.05, costs of suit, and general execution will issue therefor." The petition upon which the decree was rendered prays for a foreclosure of the mortgage, and, after reciting the contract indorsed by plaintiffs upon one of the notes, as above set out, asks judgment against them for the amount of the face of the note, with interest according to its terms. To the petition plaintiffs made no answer, and the judgment was rendered against them by default. A special execution was issued upon the decree, and the lands were sold, according to its provisions, for an amount in excess of the judgment rendered against plaintiffs. The defendants in this action now seek to enforce that judgment.

II. Plaintiffs insist that, as they are mere guarantors of the note, they are in law liable thereon only in case the note is not collected, and that, as a sum in excess of the amount of the note has been realized by the sale of the lands, which are primarily liable, they are not liable on their guaranty, and therefore the judgment should not be enforced against them. We think plaintiffs' position cannot be maintained. The petition in the foreclosure case alleges an indebtedness against plaintiffs, and a judgment was rendered thereon without a condition. Their default admitted the right of recovery. Any defense to the judgment as claimed was thus waived. But, even if this be not so, the judgment must be regarded as the final adjudication of the rights and liabilities of the parties, and, if it be admitted that it is erroneous,

remaining unreversed, it cannot be questioned except for fraud, which is not shown. *Dewey v. Peck*, 33 Iowa, 242; *Hackworth v. Zollars*, 30 Iowa, 433; *Tredway v. McDonald*, 51 Iowa, 663; *Traer v. Whitman*, 56 Iowa, 443; *York v. Boardman*, 40 Iowa, 57. The judgment must be regarded as an adjudication of the rights of the parties. And, as plaintiffs' liability is therein determined to be absolute as principal debtors, and execution is awarded against them without condition, the judgment cannot in this proceeding be set aside.

III. Counsel for plaintiffs insist that the judgment is for a sum greater than the amount actually due on the note. If this may be shown to be so, it is but an error, and is no ground for setting the judgment aside.

IV. It is also insisted that the decree, considered with the petition, should be interpreted to be a judgment against plaintiffs as sureties; but, as will clearly appear upon the consideration of the language of the judgment, and the averments and prayer of the petition above set out, no such interpretation is admissible.

V. It is, lastly, insisted that the judgment is invalid, for the reason that it was rendered in vacation; but the record shows that the cause was tried at the term, and there was an agreement of parties that the decree should be rendered in vacation as of the term of the trial. The decree, however, shows on its face that it was entered during the term.

The foregoing discussion disposes of all questions in the case. The judgment of the circuit court is

AFFIRMED.