# DOHMS v. MANN *et al.*

1. **Guardian:** VOID MORTGAGE MADE BY: CURE BY FORECLOSURE. A mortgage made by a guardian as such is void as against the ward, if not approved by the court. (Code, sec. 2263.) But after such a mortgage has been foreclosed in an action to which the ward has been made a party by due and legal service of notice, he cannot question its validity in an action to invalidate it and set aside the title of the purchaser at the foreclosure sale. (See cases cited in opinion.)

2. **Original Notice:** SERVICE OF: JURISDICTION. A return on an original notice recited that it was served upon defendant D. on a certain day and in a named township in Linn county "by delivering to Mary H. a true copy of this notice, that being her home and place of residence ; D. not found in Linn county." It was not shown that D. and Mary H. were members of the same family, nor that the copy was left at D.'s usual place of residence. *Held* that such service gave the court no jurisdiction of D., and that a decree rendered thereon was void, and subject to be set aside in a collateral proceeding. (See opinion for cases cited.)

3. **Minors:** JUDGMENT AGAINST: NO APPEARANCE BY GUARDIAN. A judgment against a minor is void where there has been no appearance for him either by his regular guardian or by a guardian *ad litem.* (Code, sec. 2566.)

4. ———: VOID SALE OF LAND UPON FORECLOSURE: ACTION TO SET ASIDE: ESTOPPEL. When plaintiff was a minor twenty years old he owned the land in question, subject to a mortgage. The mortgage was foreclosed and the land sold, and defendants claim under that sale, but the foreclosure was void as to plaintiff, for the reason that the court had no jurisdiction of him. But for six or eight years after the sale the defendant and his grantors occupied and improved the land under their claim of title, with the knowledge of the plaintiff, who abandoned it pending the foreclosure proceedings, and who never gave any notice of his claim upon the land until the beginning of this action to set aside the foreclosure decree and sale. But it does not appear that during this time he was any better informed than were defendants of the real condition of the title, nor that they relied upon his representations and conduct in purchasing and improving the land. *Held* that these facts did not estop him from maintaining this action. (See cases cited in opinion.)

5. **Tax Sale and Deed:** PURCHASE BY OWNER'S GUARDIAN: VOID. A tax deed made upon the sale of a minor's land to his guardian for delinquent taxes conveys no title adverse to his ward, whether the deed is made to the guardian or to his assignee of the certificate.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, OCTOBER 16, 1888.

IN December, 1875, the plaintiff was a minor seventeen years of age, and owned in fee-simple the west forty-five acres of the north half of the northwest quarter of section 16, township 85, range 6, in Linn county. On the twentieth day of that month the guardian of plaintiff filed in the circuit court of Linn county an application in which he asked authority to purchase the south half of said quarter-section for plaintiff, and to mortgage both tracts to secure the payment of the purchase price. On the fifth day of January, 1876, the circuit court granted the authority asked ; and on the twenty-seventh day of the same month the guardian of plaintiff executed to Silas Merriam a mortgage on the two tracts described, to secure the payment of five promissory notes made by said guardian, and amounting, in the aggregate, to fourteen hundred dollars. The conditions of the mortgage not having been fulfilled on the part of the mortgagor, proceedings in foreclosure were instituted, a decree of foreclosure rendered, and a sale of the mortgaged premises made to pay the mortgage debt. After the expiration of a year from the date of sale, no redemption having been made, a sheriff's deed was issued for the land to defendant Laura E. Merriam. In September, 1881, she conveyed the premises by a warranty deed to her co-defendant, J. F. Mann. Plaintiff by this action seeks to have the mortgage and sheriff's deed set aside, so far as they affect the title to the forty-five acre tract of land, and demands judgment for eight hundred and fifty dollars for its use. He disclaims any interest in the south tract, and offers to

convey any actual or apparent right he may have in it to defendants. The superior court rendered a decree in favor of plaintiff for the north tract of forty-five acres, and cancelling the sheriff's deed, and a tax deed thereto. By agreement of parties, the question of accounting for rents and profits and taxes was reserved for future determination. The defendants appeal.

*N. D. Parkhurst*, for appellants.

*J. W. Bull*, for appellee.

ROBINSON, J.—I. The mortgage executed by plaintiff's guardian was never approved by the court which authorized a mortgage to be given. Section 2263 of the Code is as follows: "Deeds may be made by the guardian in his own name, but they must be returned to the court, and the sale or mortgage be approved, before the same are valid." It is insisted by appellee that for the failure to comply with this section the mortgage in question was invalid, and his claim is sustained by the decisions of this court. *Ordway v. Smith*, 53 Iowa, 591; *McMannis v. Rice*, 48 Iowa, 362; *Wade v. Carpenter*, 4 Iowa, 365. But appellants urge that the validity of the mortgage was necessarily involved in the foreclosure proceedings, and that the decree thereon rendered involved a finding that all steps necessary to the validity of the mortgage had been taken. This may be conceded if the court which rendered the decree had jurisdiction of all necessary parties. *Ebersole v. Lattimer*, 65 Iowa, 164; *Bickel v. Erskine*, 43 Iowa, 221.

Appellee insists that the court did not have jurisdiction of him. The persons named as defendants in the foreclosure proceedings were "Daniel Lothian, guardian of Wm. Dohms, minor," William Dohms and Levi Hays. The returns of service of the original notice were as follows: "*State of Iowa, Linn County—ss*: Received the

*Margin notes:* 2. GUARDIAN: void mortgage made by: cure by foreclosure. 2. ORIGINAL notice: service of: jurisdiction.

within notice, March 18, 1878 ; and on the twenty-first day of March, 1878, I served the same on Levi Hays, in Maine township, Linn county, Iowa, by delivering to Mary Hays, his wife and member of his family, over the age of fourteen years, a true copy of this notice. On the same day I served the within notice on Wm. Dohms, in Maine township, in Linn county, Iowa, by delivering to Mary Hays a true copy of this notice, that being her home and place of residence. Levi Hays and Wm. Dohms not found in Linn county. I served the same on Daniel Lothian on the eighteenth day of March, 1878, by reading the within to him, and delivering to him personally a copy of the same in Marion township, in said county."

It is agreed by the parties that the foregoing comprises all the record in the foreclosure suit as to proof of service of the original notice. There was no appearance in that case for the defendants, nor was a guardian *ad litem* appointed for plaintiff. Hence we are required to determine whether the record showed that there had been a service of the original notice on the plaintiff in this action. He was then twenty years of age, and was entitled to service. Code, sec. 2614. In our opinion, the record failed to show any service on him.

It is not a case of defective service, which must be held sufficient as against a collateral attack, but of no service. The return of the sheriff does not purport to show a personal service on plaintiff, for it shows that he was not found in the county. It recites that the notice was served on him " by delivering to Mary Hays a true copy " at " her home and place of residence." It is not shown that she and plaintiff were members of the same family, nor that the copy was left at his usual place of residence, as required by section 2603 of the Code. Appellants insist that the return of service was irregular only, and that the defect cannot be taken advantage of by a collateral attack ; and cite *Moomey v. Maas*, 22 Iowa, 380, in support of this view. But the return in that case showed actual service on the minors, and on

their mother and natural guardian. The only defect claimed was that the return did not state that one of the persons served was the mother. In this case neither actual nor constructive notice, nor a substitute for either, was shown by the return of the officer in the foreclosure proceedings ; and the decree therein rendered was therefore void as to this plaintiff. Freem. Judg.; secs. 125, 495; *Settlemier v. Sullivan*, 97 U. S. 444 ; *Haws v. Clark*, 37 Iowa, 356 ; *Melhop v. Doane*, 31 Iowa, 400 ; *Hakes v. Shupe*, 27 Iowa, 466.

But it is said that the guardian of plaintiff was served with notice, and that plaintiff is chargeable with that service. The return of the officer shows that Daniel Lothian was served as an individual, not as guardian ; but, if it be, conceded that the return was defective only as to the guardian, and that he was actually served, it would not affect the rights of plaintiff in this case. The guardian did not appear, and made no defense. The case of *Treiber v. Shafer*, 18 Iowa, 30, cited by appellant, is not, therefore, in point. Section 2566 of the Code provides that "no judgment can be rendered against a minor until after a defense by a guardian." In this case no defense was made, even to the extent of filing an answer ; and the judgment rendered was therefore void as to plaintiff, and did not cure the defect in the mortgage.

**3. MINORS: judgment against: no appearance by guardian.**

II. It is agreed by the parties that the third paragraph of the answer of defendant Mann is true. This is as follows: "Par. 3. That plaintiff, at the time of defendant's purchase, was a resident of Linn county, Iowa, and has continuously, from time to time, lived near the land in suit; that this defendant has for many years personally known the plaintiff ; has often annually seen the plaintiff in the vicinity of the land in suit, and at other places, but at no time, until the commencement of this action, has plaintiff intimated or claimed any interest in any portion of the land in suit; and defendant avers that the first and only notice and knowledge

**4. ——: void sale of land upon foreclosure: action to set aside : estoppel.**

of the pretended claim of plaintiff to any portion of the land in suit was the commencement of this action; that this defendant has been in the open, actual and adverse possession of said lands, under his title, as hereinafter recited, and in good faith, and without notice or knowledge of any claim of plaintiff thereto, and for more than six years last past." It is also agreed that, prior to the execution of the sheriff's deed, plaintiff, for a year or two, occupied the premises purchased by his guardian, and was in possession at the time he vacated under the foreclosure proceedings; but that the land was not occupied when the sheriff's deed was executed. It is also agreed that defendant Merriam was in possession until 1881, when she conveyed to Mann; and that Mann has since been in possession, and has made valuable improvements on the land. It is insisted by appellants that under these facts appellee has no equities which ought to be enforced, and that he is estopped from asserting them. So far as the record shows, defendants knew as much of the real condition of the title as did the plaintiff. In fact, it is not shown that he had any actual knowledge of the defects in the mortgage. He must have known of the foreclosure proceedings when he surrendered the land; but, in view of his youth and probable inexperience in business matters, we cannot presume that he had greater knowledge than that possessed by defendants when they purchased. They do not claim that they relied upon any representations or conduct of plaintiff in making their purchases and improvements, and we have no right to presume that they did. We conclude that no estoppel has been established. *Laub v. Trowbridge*, 71 Iowa, 400; *Eikenberry v. Edwards*, 67 Iowa, 20; *Sanders v. Godding*, 45 Iowa, 464; *Brewer v. Boston & W. Railroad Corp.*, 5 Metc. 482; *Boggs v. Merced Mining Co.*, 14 Cal. 366; *Davis v. Davis*, 26 Cal. 38. The case made by the record is that of possession under claim of title, which, if continued for the statutory period, might have resulted in vesting title in defendant Merriam's

Dohms v. Mann.

grantee ; but the necessary elements of an estoppel are lacking.

III. The record shows that a treasurer's deed for the delinquent taxes of 1875 was executed to defendant Merriam on the twenty-third day of October, 1879. The sale on which this deed was issued was made on the second day of October, 1876, to Daniel Lothian, who assigned the certificate of sale to Merriam on the sixth day of March, 1879. It is claimed and not denied that Lothian was the guardian of plaintiff at the time he purchased the land at tax sale, and when he assigned the certificate. The tax sale and tax deed, therefore, conveyed no title adverse to plaintiff. It is due to appellants to say that they claim nothing in argument by virtue of the tax deed. We think the decree of the court below was correct. It is therefore

5. Tax sale and deed: purchase by owner's guardian: void.

AFFIRMED.