RIOUX, Respondent, vs. CORMIER, Appellant.

*January 9 — January 28, 1890.*

*Deed: Boundaries of land.*

1. Where it is clear from the description in a deed that the intention was to convey a certain quantity of land, that intention is decisive and controlling.
2. A deed described the land conveyed as commencing at a certain point on a road, "running thence south to [another fixed point]

two acres; from thence easterly and parallel with the road *two acres;* thence running northerly *two acres* until it strikes said road; and thence westerly and along said road *two acres* to the place of beginning; containing four acres of land, neither more nor less." *Held* that, the length of the western boundary being fixed by monuments, and the intention being clearly to convey four acres in a rectangular form, the length of the northern and southern boundaries must be limited so that the tract will include that quantity and no more.

APPEAL from the Circuit Court for *Brown* County.

Action for a trespass to land. The defendant answered that the *locus in quo* was owned by and in the possession of the Chicago & Northwestern Railway Company, and that the acts done thereon by him were done under its direction and as one of its employees.

The land in question was owned in 1864 by one Louis Fountaine (second), who in that year conveyed to Louis Fountaine (third) a strip thereof, by the following description: " Commencing on the Suamico road at the northeast corner of the land owned by Lucy C. Shaler, running thence south to the southeast corner of said Shaler's land two acres; from thence easterly and parallel with the Suamico road two acres; thence running northerly two acres until it strikes said road; and thence westerly and along said road two acres to the place of beginning; containing four acres of land, neither more nor less." In 1866 Louis Fountaine (second) conveyed to one Morrow the land lying to the east of the strip so conveyed to Louis Fountaine (third). The plaintiff claims under mesne conveyances from Louis Fountaine (third), and the railway company claims under Morrow, the controversy being as to the location of the eastern boundary of the strip conveyed to Louis Fountaine (third).

In the accompanying plan the line A B represents the eastern boundary of the land owned by Lucy C. Shaler, which is 7.50 chains in length; the line C D represents the

eastern boundary of the strip conveyed to Louis Fountaine (third) according to the claim of the defendant, the tract A B D C containing just four acres; and the line E F represents the eastern boundary of said strip according to the claim of the plaintiff, the distance B F being 6 chains and 32.44 links, or twice the length of one side of a square acre.

It was stipulated that, if the plaintiff was entitled to recover, the amount of the damages was $40. At the close of the evidence the court directed the jury to return a verdict in favor of the plaintiff. From the judgment on such verdict the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.* Besides cases cited in the opinion they cited *Hall v. Eaton,* 139 Mass. 221; *Buffalo, N. Y. & E. R. Co. v. Stigeler,* 61 N. Y. 348; *Ousby v. Jones,* 73 id. 621.

For the respondent there was a brief by *Vroman & Sale,* and oral argument by *C. E. Vroman.* They contended, *inter alia,* that the term " acre," used in the deed as a unit of linear measurement, means the distance across one side of a square acre. This distance, reduced, is 3 chains and 16.22 links. A statement of quantity, however emphatic, must yield to the more definite and certain description by metes and bounds, with monuments. *Jackson v. Defendorf,* 1 Caines, 493; *Mann v. Pearson,* 2 Johns. 37; *Ufford v.*

*Wilkins*, 33 Iowa, 110; *Carroll v. Norwood*, 1 Har. & J. (Md.), 167; *Petts v. Gaw*, 15 Pa. St. 218; *Whiting v. Dewey*, 15 Pick. 428; *Fuller v. Carr*, 33 N. J. Law, 160; *Jackson v. Barringer*, 15 Johns. 471; *Jackson v. McConnell*, 19 Wend. 175; *Cutler v. Tufts*, 3 Pick. 272.

COLE, C. J. We think the contention of the defendant as to the true location of the line between the land of the railroad company and the plaintiff is supported by the evidence. The case turns on the construction of the deed from Fountaine II to Fountaine III, which gives the description of the land conveyed as follows: "Commencing on the Suamico road at the northeast corner of the land owned by Lucy C. Shaler, running thence south to the southeast corner of said Shaler's land *two acres;* from thence easterly and parallel with the Suamico road *two acres;* thence running northerly *two acres* until it strikes said road; and thence westerly and along said road *two acres* to the place of beginning; containing four acres of land, neither more nor less." The defendant claims that it is the quantity of land in the deed which controls the grant, and that the distance of the lines must yield to this requirement. It is very evident that the grantor intended to convey four acres of land in a rectangular form. The northeast and southeast corners of Shaler's land were in the nature of monuments, which fixed the length of the north and south line on the west, and the east and west lines must be of such a length as to include in the tract four acres. It will be seen that there is an uncertainty as to the length of those lines in the description, arising from the use of the words "*two acres,*" when applied to a lineal measurement. It is claimed on the part of the plaintiff that these words, as used in the deed, meant a distance equal to the length of two square acres. But if that interpretation of the language is adopted there is a conflict be-

tween the area conveyed by metes and bounds and the area conveyed by quantity. As the description by quantity is so plain and explicit, we have no hesitation in holding that the parties intended it should control as to the land conveyed. The intention is clearly indicated that four acres of land, neither more nor less, were conveyed, and the distances must yield to this clearly expressed intention.

The general rule in ascertaining the boundaries of land, where there is a conflict in the description, undoubtedly is that the quantity yields to courses and distances, and courses and distances yield to monuments. That rule is firmly established, and is so elementary that it requires no citation of authorities to support it. " This rule, however, is not inflexible, but, like other rules of law, it must sometimes yield to exceptions. These are to be made in cases in which the reason of the rule or principle fails." *Davis v. Rainsford*, 17 Mass. 207. Where it is clear from the description that the intention was to convey a certain quantity of land, that intention is decisive and controlling. The distance of the lines must be so fixed as to include the designated quantity. Here the length of the west line is given. The description shows that the piece is to be rectangular in form. The east line of the tract would, of course, be the same in length as the west line. These elements given, the length of the east and west lines could be readily ascertained. It is so clear to our minds that the parties intended to limit the grant to four acres in quantity that, in the absence of all authority, we should hold that this intention must prevail; for it is recognized by all the authorities that the primary object in these cases is to carry out and effectuate the real intent of the parties. This is a fundamental rule in the construction of all contracts, to arrive at and give effect to the intention of the parties. So we hold that as the intention is clearly expressed in the above description to convey four acres in a rectangular form, the

distance of the east and west lines must be so limited as to include in the tract that quantity and no more. That it was competent for the parties so to contract as to suspend the application of the recognized rules of construction to a deed there can be no doubt. See *Sanders v. Godding,* 45 Iowa, 463; *Higinbotham v. Stoddard,* 72 N. Y. 94; *Baldwin v. Brown,* 16 N. Y. 359; *Bell v. Sawyer,* 32 N. H. 72.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.