JAMES MURPHY, Appellant, v. MARY CUDDIHY *et al.*

**Judgment:** RESTRAINING COLLECTION OF. Collection of default judgment will not be enjoined where defendant's liability could have been fully determined by proper action on his part, either in the original action or in a subsequent action to set aside a fraudulent transfer of his property to defeat collection thereof.

*Appeal from Keokuk District Court.*—HON. DAVID RYAN, Judge.

THURSDAY, MAY 24, 1900.

ACTION to set aside and enjoin the collection of a judgment. There was a decree for the defendants. Plaintiff appeals.—*Affirmed.*

*C. M. Brown* for appellant.

No appearance for appellee.

SHERWIN, J.—In 1896 suit was brought against the plaintiff and others on a promissory note signed by him as surety. He was duly served with notice, but made no appearance, and default and judgment were entered against him. Subsequent thereto an action was commenced against him setting up the judgment above referred to, and the fact that he had fraudulently transferred his property with intent to defeat the collection thereof. In that case he answered and pleaded some of the matters alleged in the petition herein. A trial on the merits was had, which resulted adversely to the plaintiff, and no appeal was taken therefrom. This is an action to set aside the original judgment and to permanently enjoin its collection. It cannot be maintained. The plaintiff has already had two days in court wherein the defendant herein, Mary Cuddihy, was plaintiff, and he the defendant, in both of which cases his liability on said note

might have been fully determined by proper action on his part. It is a familiar principle of the law, that parties cannot engage the courts in the relitigation of matters which were or might have been determined in former actions. *Hackworth v. Zollars,* 30 Iowa, 433; *Hempstead v. City of Des Moines,* 63 Iowa, 36; *Wolfinger v. Betz,* 66 Iowa, 594. The judgment of the district court is AFFIRMED.