G. T. Turner, Appellant, v. W. S. Sandhouse et al., Appellees.

November 22, 1927.

Rehearing Denied April 5, 1928.

*Dunshee & Brody*, for appellant.

*Carr, Cox, Evans & Riley*, for appellees.

Stevens, J.—It is necessary that the material ultimate facts disclosed by the allegations of the petition be stated in detail. For many years prior to 1922, a somewhat crooked public highway extended in a slightly southeasterly direction across the northeast quarter of Section 17, Township 81, Polk County. The course of the highway was diverted at the division line between the two 80-acre tracts, and for a distance of about 24 rods ran due east and west, the division line forming the center of the highway. In the year mentioned, the ancient highway was abandoned, and a new one, extending in a northwesterly and southeasterly direction across the land described, was established and opened. Appellant is the owner of the south, and appellee of the north, one half of the quarter section.

Many years ago, the then owners of the respective tracts had a survey made, and the division line established. A stone was set by the surveyor, to mark the exact center of the quarter section. The parties hereto acquired title to their respective tracts more than ten years prior to 1922. The new highway intersects the old one, and crosses the division line a few rods east of the center of the quarter section. Prior to the abandonment of the old road, the appellant maintained the division fence east of the east end of the highway and on the division line, and for about eight rods west thereof. The remainder of the division fence was maintained by appellee. A row of trees standing on or very near the east end of the division line was used by appellant as posts, to which wire was attached. This constituted the only fence maintained by him along that portion of the division line. After the old highway had been abandoned, and a new one opened, appellant attempted to erect a fence on what he claimed was the true line between the tracts, a few feet north of the trees. An action was immediately commenced by Sandhouse and wife, who are the appellees in this appeal, to restrain Turner, who is the appellant herein, from erecting a fence north of the trees, alleging, in substance, that, by long acquiescence of the parties therein, the trees, as located, constituted the line between the tracts. The plaintiffs prevailed in that action, and a decree confirming their claim was duly entered. Copies of the petition and decree in the former action are attached to the petition of appellant. The answer, if any, filed therein does not appear in the record.

It is alleged by appellant in his petition that appellee surreptitiously moved the stone set by the surveyor to mark the center of the quarter section fourteen inches south, and that he has erected a fence on the line thus designated by him. It is further alleged that appellee has willfully and maliciously destroyed the portion of the fence of appellant west of the east end of the old highway. An injunction permanently restraining appellee from interfering with the fence of appellant and from maintaining the fence erected by him fourteen inches south of the former location of the stone, and a mandatory order requiring him to restore the stone to its former location, are prayed. The decree, dated May 26, 1925, entered in the former action, is, in part, as follows:

"It is further ordered, adjudged, and decreed, that, as to that portion of the fence maintained by the defendant and lying between the east line of the old highway (now abandoned) and the east line of the new highway, the defendant shall and is hereby ordered to construct a legal fence beginning at the west end of the old fence in place and running westward to that point on the east line of the new highway to be intersected by a line run from the said west end of said old fence in place to a point fourteen inches north of the stone as now located in the abandoned highway on the boundary line between said two tracts of real estate. It is further adjudged that the costs herein in the sum of $—— shall be and they are hereby taxed to the defendant, and that the bond filed herein by plaintiffs is hereby released and the surety thereon exonerated."

It thus appears that the stone was moved by appellee, and the fence erected, prior to the termination of the former action. The ground of the motion to dismiss the petition was that it appeared on the face thereof that the issues tendered thereby were, or might have been, fully determined and adjudicated in the former action.

The law is well settled that an adjudication of an indivisible and entire cause of action will bar any action brought on another portion of such cause of action (*Hempstead v. City of Des Moines*, 63 Iowa 36; *Sweeny v. Daugherty*, 23 Iowa 291; *Hogle v. Smith*, 136 Iowa 32); that a party may not relitigate matters which were, or might have been, determined in a former action between them (*Murphy v. Cuddihy*, 111 Iowa 645; *Beh v. Bay*, 127 Iowa 246); that a defense which existed and might have been pleaded in a former action between the same parties cannot be subsequently set up to defeat a judgment rendered in such action (*Hanson & Myer v. Manley*, 72 Iowa 48; *Ebersole v. Lattimer & Inglis*, 65 Iowa 164; *Talbot v. First Nat. Bank*, 106 Iowa 361; *Mally v. Mally*, 52 Iowa 654). It is equally well settled that the defendant is not precluded, in a subsequent action commenced by him, by his failure to plead his cause of action, although available to him, as a set-off or counterclaim in a prior action between the same parties. *Gunsaulis v. Cadwallader*, 48 Iowa 48; *Price v. Macomber*, 163 Iowa 406; *Jones v. Witousek & Co.*, 114 Iowa 14.

The issues tendered in the petition of appellee in the former

action related only to that portion of the division line which he alleged was marked by the trees already mentioned. The claim asserted by him in that action, as disclosed by the petition, was that, by long acquiescence of the parties therein, the trees used as a part of the fence had become the boundary line at that point.

No attempt was made in that action to have the boundary line between the respective tracts determined and adjudicated. So far as the allegations of the petition therein are concerned, the only controversy between the parties was over the boundary line in the vicinity of the trees used by appellant, with wire fastened thereto, as a fence. The subject-matter of the two actions is by no means identical. Nothing litigated in the former action is in any way involved in the pending appeal. None of the matters alleged by appellant in his petition were available to him as a defense in the former action. The most that can be claimed by appellee at this point is that appellant might have set up his cause of action by way of a cross-petition, and thereby have secured an adjudication thereof. This he was not required to do. The proposition is elementary, and requires no further discussion. The motion to strike the petition should have been overruled. The decree and judgment is accordingly reversed, and the cause remanded for trial.—*Reversed and remanded.*

FAVILLE, ALBERT, KINDIG, and WAGNER, JJ., concur.