## ALLEN v. BROWN.

1. **Partnership**: LIABILITY OF DORMANT PARTNER. In an action to recover the balance of an account, it appeared that the defendant had entered into a partnership with B. for the purpose of continuing, in the name of B. alone, the business in which the latter was already engaged, and that plaintiff, at whose bank the firm account was kept, was not apprised of the existence of the co-partnership; that prior to its formation plaintiff drew out of the bank $6,000, and subsequently the firm deposited $10,000, both transactions being in the name of B: *Held*, that as plaintiff had no knowledge of the existence of the firm, the deposits were properly regarded as the money of B., to be applied in the satisfaction of his unpaid account.

2. **Account**: PAYMENT: ORDER OF TIME. Payment on account is to be applied according to priority of time.

*Appeal from Polk Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION at law against defendant as the surviving partner of the firm of Bunnell & Co., for a balance due upon an account for money drawn in the usual course of business from the bank of plaintiff. The account was in the name of A. Bunnell, and the petition charges that the business of the firm was transacted in plaintiff's bank under that name.

The answer admits that defendant was a member of the firm, and alleges that the money charged in the account was

advanced upon the credit of A. Bunnell, and whatever portion was used in the business of the co-partnership had been repaid to plaintiff before the commencement of this action.

There was a verdict and judgment for plaintiff. Defendant appeals.

*Louis Ruttkay* (*with Phillips & Phillips*), for appellant.

*Gatch, Wright & Runnells*, for appellee.

BECK, J.—The account sued on began December 1, 1870. It was balanced on the 12th of the same month, and the sum of $73.43 found due plaintiff. At that day defendant entered into co-partnership with A. Bunnell, who was in the grain business. The firm thus formed bore the name of A. Bunnell & Co., and continued the business before conducted by Bunnell alone. It was agreed between the parties that the firm should continue their business with plaintiff under the name of A. Bunnell, no change being made therein. Plaintiff was not advised of the change, nor was it known by him until after the death of Bunnell. Under an agreement between plaintiff and Bunnell, the account in the bank was overdrawn, and plaintiff was to be secured by the grain purchased, the advance to be used in the business of the firm.

No question was made as to the correctness of the account. But defendant showed by the evidence of himself and others

**1. PARTNER-SHIP: liability of dormant partner.** that prior to February 10th, 1871, Bunnell drew from plaintiff's bank more than $6,000, which was never used in the business of the partnership. There is nothing found in the case contradictory to this evidence. The balance of the account sued upon is $1,102.42.

I. The defendant claims that as plaintiff had no knowledge of the partnership and made the advances on Bunnell's credit alone, defendant must be regarded as a dormant partner in this case. Without expressing an opinion upon the proposition, it may be admitted for the purpose of the discussion now in hand.

Counsel next claim that to hold defendant liable it must be

shown that the money advanced by plaintiff was used in the business of the firm. This may also be admitted.

Now counsel insist that as a sum greater than the amount claimed by plaintiff was not used in the business of the firm he cannot recover for the reason that the balance will be regarded as money used by Bunnell and not by the firm. But the position is not tenable. Subsequent to February 10th, 1871, the account is credited with more than $10,000. This credit extinguished all the debits in the same account according to the priority of time. *U. S. v. Kirkpatrick*, 9 Wheat., 720. *Iowa v. U. S.*, 7. How., 681. See also 1 Am. Leading Cases, 299. *Notice to Mayor v. Patten; Allen v. Culen*, 3 Denio, 293. *Fairchild et al. v. Hawley et al.*, 10 Conn., 175. The transaction therefore in which plaintiff charged the account for money used by Bunnell in other business than that of the firm, was closed by subsequent payments. The amount advanced after the 15th of February was used in the firm business and defendant is liable therefor.

<span style="font-variant: small-caps">2. Account: payment: order of time.</span>

But, it may be urged, the firm's money ought not to be appropriated to pay advances which were used by Bunnell outside of the partnership business. But this objection has no foundation, for the reason that the account was kept in Bunnell's name under the agreement of the partners; so far as plaintiff was concerned, who was ignorant of the partnership, the deposits were properly regarded as money of Bunnell satisfying his account in the order of priority, as provided by the rules of law above stated.

The instructions given by the court to the jury harmonize with the principles above stated and are correct; those requested by defendant present doctrines in conflict with the instructions given, and were properly refused.

II. The defendant requested the court that the jury be directed to find specially the amount of money used by Bunnell in transactions outside of the partnership. The request was refused and this ruling is assigned as error. This finding the court could well hold was not necessary, and the defendant could not have been prejudiced by the ruling for the reason

that the fact which the defendant desired to be presented in a special verdict constituted no defense, as will be readily understood from the foregoing discussion. It was, therefore, irrelevant and immaterial.

AFFIRMED.