BEDWELL ET AL. v. GEPHART.

1. **Surety**: ON RESTITUTION BOND IN ATTACHMENT: DISCHARGE OF BY CREDITOR'S RELEASE OF PRINCIPAL DEBTOR'S PROPERTY: LIMITATION OF THE RULE. The relinquishment by the creditor, without the consent of the surety, of any hold which he has actually acquired on the property of the principal debtor operates to discharge the surety to the extent of the value of the property so relinquished. (See authorities cited in opinion.) But where the creditor's hold on the property is of doubtful validity, and it is relinquished by way of a compromise made in good faith, and the proceeds of the compromise are applied in discharge of the debt *pro tanto*, the surety will not be discharged in the absence of a showing that an attempt to subject the property would have resulted more favorably, even though it subsequently appear that, by evidence not before available, the property was equitably liable for the payment of the debt.

2. ———: ———: MOTION FOR JUDGMENT AGAINST: DEFENSE NOT PLEADED FOREVER BARRED. Where sureties in a restitution bond in. attachment are called into court upon a motion for judgment against them on the bond, and they wish to avail themselves of the fact that the creditor has relinquished property of the principal debtor which was subject to be sold in discharge of the debt, they must then plead such defense, and, if they fail so to do, they cannot afterwards be heard to claim a credit on the judgment to the extent of the value of the property so relinquished. See authorities cited in opinion.

*Appeal from Wapello Circuit Court.*

SATURDAY, SEPTEMBER 26.

ACTION in equity to establish a credit on a judgment

obtained by defendant against plaintiffs. The material facts are stated in the opinion. The court dismissed the petition, and plaintiffs appeal.

*W. W. Cory* and *H. B. Hendershott,* for appellants.

*Stiles & Beaman,* for appellee.

REED, J.—On the nineteenth day of August, 1875, defendant, Gephart, commenced an action in the circuit court against one J. O. Briscoe on a money demand. A writ of attachment was issued in the cause, and was levied on a number of lots in the city of Ottumwa. A second attachment was subsequently issued in the case, on which certain personal property was seized. To secure the release of this property, Briscoe filed two bonds conditioned that he would perform any judgment which might be rendered against him in the further progress of the action. One of these bonds was in the penalty of $1,000, and plaintiff Bedwell was surety thereon. The penalty of the other bond was $450, and plaintiff Greenlee was surety on it. Judgment was rendered in said cause on the eighteenth day of November, 1878, against said Briscoe for $1,558.97 damages and $158.09 costs. At a subsequent term of the court, Gephart filed a motion for judgment against the sureties on said bonds. They were served with notice of this motion, and appeared, and resisted it on grounds that need not here be stated. The result of the proceeding was that judgment was entered against each for the amount of the penalty of the bond on which he was surety. These judgments were rendered on the sixth day of July, 1880. The title to the lots on which the first writ of attachment was levied was held by Mary A. Briscoe, the wife of J. O. Briscoe. Gephart instituted an action in equity to subject this property to the payment of his debt, alleging in his petition that it belonged, in fact, to J. O. Briscoe, and had been purchased with his means, and that he had procured the title to it to be conveyed to his wife

*Margin note: 1. SURETY: on restitution bond in attachment: discharge of by creditor's release of principal debtor's property: limitation of the rule.*

for the purpose of placing it beyond the reach of his creditors. The Briscoes answered this petition, denying its allegations. This equitable action was pending when the second writ of attachment was issued, and when plaintiffs signed the bonds on which the judgments against them were rendered. The Briscoes had an opportunity to sell one of the attached lots on what they regarded as favorable terms, and they proposed to Gephart that if he would release said lot from the attachment, and permit the purchaser to take it discharged of the lien of his attachment and judgment, they would pay him, to be applied on the judgment, a portion of the price which they would receive for it. Being advised by his counsel that it was doubtful whether the claim set up in the equitable action could be established, he accepted the offer and gave a written release of the lot. The price at which the lot was sold was $1,050, and $500 of that amount was paid to Gephart. The transaction was had after the judgment was rendered against Briscoe, but before the judgments were taken against the plaintiffs. Gephart entered a credit of the amount received by him in the transaction on the judgment against Briscoe. The release of the lot was made without plaintiffs' knowledge or consent. And it is shown that the lot belonged, in fact, to J. O. Briscoe, and that the conveyance to his wife was made for the purpose of defrauding his creditors.

The relief demanded by plaintiffs in this action is that they have the benefit of a credit on the judgments against them for the full amount realized from the sale of said lot; the ground of their claim being that, as their liability on the bonds was that of sureties, they were entitled to the benefit of all securities which came into the hands of the creditor; and as, by the discharge of a portion of the value of said lot from the lien of the attachment levy and judgment, he deprived them of the benefits of that amount of the secuity held by him, they are now entitled to be discharged *pro tanto*. The law is well settled that the relinquishment by the creditor, without the consent of the surety, of any hold which he has actually

acquired on the property of the principal debtor operates to discharge the surety to the extent of the value of the interest so relinquished.   The release of real estate from the lien of a judgment, or the discharge of a levy whereby a lien on property has been created, will have this effect.   *Chambers v. Cochran*, 18 Iowa, 159; *Sherraden v. Parker*, 24 Id., 28; *Rogers v. School Trustees*, 46 Ill., 431; *Ferguson v. Turner*, 7 Mo., 497; *Kuhns v. Westmoreland Bank*, 2 Watts, 136; *Com. v. Vanderslice*, 8 Serg. & R., 552; *Farmers' Bank v. Reynolds*, 13 Ohio, 84.

The question in the present case is whether it is brought by the facts within this well-settled rule.   We think it is not. The interest which defendant surrendered in the property was given up in the compromise of a doubtful claim.   The parties are now able to show that he had acquired a lien upon the property by the attachment levy and judgment, and that it could have been subjected to sale in satisfaction of the judgment.   But, in the light of the facts then known to defendant and his counsel, it was reasonably doubtful whether any such interest had been acquired in it, and he elected to accept the certain and substantial advantages which were acquired by the compromise in satisfaction of the doubtful claim which he had been asserting to the property.   It cannot be said, we think, that plaintiffs have suffered any detriment from the compromise or the release of the property thereunder.   The surety has the right to demand that the securities in the hands of the creditor be either applied to the satisfaction of the debt, or that they be preserved for his indemnity in case he is compelled to pay it.   The application of the fair value of the security to the satisfaction of the debt secures to him the very benefit to which, under the law, he is entitled. As stated above, defendant has credited the full amount received by him for the discharge of the lot on the judgment against Briscoe.   Plaintiffs have the benefit of this credit.   It is not shown that this sum was not, considering the circumstances of the case, the fair value of the security held by defend-

ant. The property was sold, it is true, for a greater amount; but it is by no means clear that anything could have been realized out of it for the satisfaction of the debt in any other way.

Plaintiffs were able to establish on the trial of this cause, by the testimony of Briscoe, that he was the owner of the property, and that he had procured it to be conveyed to his wife for the purpose of placing it beyond the reach of his creditors. His testimony, however, was given after the property had been released and disposed of, and when all motive for concealment or falsehood was at an end; but it is not at all certain that the same facts could have been proven by him in a proceeding to subject the property to the payment of the debt; for, during the pendency of the equitable action brought by defendant to uncover it, he constantly denied that he had any interest in it, and it is not shown that any facts tending to impeach the conveyance to Mary A. Briscoe could have been established by the testimony of other witnesses. It does not appear, therefore, that plaintiffs would have derived any greater advantage from the prosecution, either by defendant or themselves, of the proceeding to subject the property to the judgment than they have derived from the compromise, and they cannot recover in the absence of any showing that they were damaged by the release of the property.

II. There is another ground, however, which is equally conclusive against plaintiffs' right to recover. As stated above, the transaction in which the property was released took place before the judgments against them were rendered. If they were discharged by the the release of the property, that fact could have been shown in resistance of the motion. Their discharge constituted a defense in their favor to the claim which defendant was seeking to establish against them. There was nothing in the character of the proceedings which prevented them from making their defense. It was as available to them as it would have been if the proceedings had been an action on the bond,

2. ——: ——: motion for judgment against: defense not pleaded forever barred.

instead of a motion for judgment. Any defense which would have been available in the one character of proceeding was equally so in that which was adopted. Having failed to make the defense when they had the opportunity, it is no longer available to them. They are estopped by the judgment. *Dewey v. Peck*, 33 Iowa, 242; *Doyle v. Reilly*, 18 Id., 108; *Lawrence Savings Bank v. Stevens*, 46 Id., 429.

AFFIRMED.