## HANSON & MYER v. MANLEY ET AL.

1. **Former Adjudication:** DEFENSE WHICH MIGHT HAVE BEEN PLEADED. Facts which existed, and might have been pleaded in defense to an action, cannot be set up to defeat a judgment rendered in such action. (Compare *Bedwell v. Gephart*, 67 Iowa, 44.)

2. **Payments:** APPLICATION OF: RIGHTS OF SURETY. Where four notes were taken for the purchase price of a machine, and a mortgage upon the machine was taken to secure all of the notes, and the two first falling due were also signed by M. as surety, and the machine was sold under the mortgage for more than enough to satisfy the first two notes, *held* that the surety could not demand that the proceeds of such sale should be applied on the first two notes, but that the holders of the notes had the right to apply the proceeds in payment of the notes not otherwise secured,—the intention of the parties having been, evidently, to demand and give the personal security in addition to that afforded by the mortgage. (*Allen v. Brown*, 39 Iowa, 330, distinguished.)

3. **Fraudulent Conveyance:** HUSBAND TO WIFE: CONSIDERATION: MONEY ADVANCED BY WIFE. When the wife allows the husband to expend her money for the support of the family, she cannot, in the absence of an express agreement for its repayment, recover the amount in an action against him or his estate. (*Patterson v. Hill*, 61 Iowa, 534; *Courtright v. Courtright*, 53 Id., 57.) And if she advances money or property to him to be used in the business in which he is engaged, they may contract for compensation therefor, and such contract will be valid and enforceable; but if she makes such advancement voluntarily, and without such contract, the reasonable presumption is that she does so in view of the mutual benefits which are likely to accrue from the use of such advancement; and under such circumstances the law will not create the relation of debtor and creditor between the parties. Accordingly, *held* that advances made either for the support of the family or for use in the husband's business, where there is no contract for repayment, cannot be a valid consideration for a conveyance of real estate by the husband to the wife, or against existing creditors.

*Appeal from O'Brien Circuit Court.*

FRIDAY, JUNE 17.

PLAINTIFFS are the owners of two judgments against the defendant Joseph Manley. This action was brought to subject certain real estate which he conveyed, after the debts were contracted, to his co-defendant, Olive Manley, who is his wife, to the satisfaction of the judgments. The allega-

tion of the petition is that the conveyance to the wife was made without consideration, and for the purpose of defrauding creditors. The answer of Olive Manley puts the allegations of the petition in issue. Joseph Manley answered that he was surety for other parties on the notes on which plaintiffs' judgments were rendered; that said notes, with two other notes which fell due at later dates, and on which he was not surety, were given for the purchase-price of a threshing-machine which was purchased by the principal debtors from the corporation to which the notes were given, and that a chattel mortgage was given on the machine to secure the four notes, and that the mortgagee had seized the property, and sold it, under the mortgage, receiving an amount therefor in excess of the amount due on the two notes on which he was surety; and he prayed that an amount of the proceeds of the sale sufficient to satisfy those notes be applied to their satisfaction, and that the judgments be canceled as against him.

The circuit court entered judgment dismissing the petition, and granting to Joseph Manley the relief demanded in his answer. Plaintiffs appeal.

*H. H. Crow,* for appellants.

*Alfred Morton,* for appellees.

REED, J.—I. We will first consider the questions arising under the answer of Joseph Manley. The facts are that the purchasers of the machine gave four notes for the price thereof, which fell due at different times. Defendant was surety on the two which first became due, and a chattel mortgage was given for the security of all of the notes. The mortgagee seized the property on the mortgage when the conditions were broken, realizing an amount from the sale more than sufficient to satisfy the two notes on which Manley is surety, but the whole amount was attempted to be applied on the other two notes. The sale of the property, and attempted application of the proceeds, were made after

the rendition of one of the judgments now owned by plaintiff, but before the other was rendered. The decree of the circuit court, in so far as it cancels this latter judgment, is erroneous, for the reason that the facts upon which it is based all existed when that judgment was rendered. If they afforded any ground of relief against the contract, they could have been pleaded in defense in that action. The judgment is a finality, as to the rights of the parties, under the facts then existing, and defendant cannot now be permitted to plead any ground of defense against the judgment of which he could have availed himself as a defense in the action in which it was rendered. *Bedwell v. Gephart*, 67 Iowa, 44.

*1. FORMER adjudication: defense which might have been pleaded.*

But, under the facts, we think defendant is not entitled to have either of the judgments canceled. The person to whom the notes were given demanded security for the debt in addition to that afforded by the chattel mortgage, for the reason, doubtless, that, as the machine was to be kept and used by the mortgagor, it would not be a sufficient security if the conditions of the mortgage should be broken. The mortgage was not given for defendant's protection, but both securities were for the benefit and protection of the creditor, and, when he was compelled to foreclose the mortgage, he clearly had the right to apply the proceeds of the sale first upon that portion of the debt for which he had no other security. Defendant's undertaking was accepted as a security for the debt, in addition to that afforded by the mortgage, and there is no principle of equity upon which he can claim the benefit of that security to the detriment of the creditor.

*2. PAYMENTS: application of: rights of surety.*

The case of *Allen v. Brown*, 39 Iowa, 330, relied on by appellee, is one in which the familiar rule was applied, that, when the parties have made no special application of a payment, and there are no equitable considerations demanding a different application, it will be applied by the courts upon that portion

of the debt which first becomes due. But that doctrine has no application to the facts of the present case.

II. The facts with reference to the conveyance of the real estate in question to Olive Manley are as follows: The defendants have been married about twenty-five years. Mrs. Manly's father died in 1863, and she received, as her share of his estate, about $3,000. This money was paid to her at different times, the last payment being in 1883. As she received the money, she gave the greater portion of it to her husband, who paid it out for improvements on the land in question, and in the payment of debts which he was owing, some of which were secured by liens on the land, for the support of the family, and for other purposes of his own. There was no agreement between the parties at any time when the husband received the money that he should repay it, and it does not appear that the money was paid to the husband with the expectation by the wife that it would be repaid to her. Afterwards, however, she importuned him to give her a mortgage on the land in question as security for the amount, and there appears to have been an understanding between them, which was arrived at at some time before the conveyance was made, that he would convey the property to her. The conveyance was made in pursuance of this understanding. It was not given, however, until after the suit was commenced in which the first of the judgments in question was rendered. In determining the question as to the validity of the conveyance, it is important to ascertain whether it is supported by any legal consideration. It has been held by this court in two cases that, when the wife permits the husband to expend her money for the support of the family, she cannot, in the absence of an express agreement for its repayment, recover the amount in an action against him or against his estate. *Patterson v. Hill*, 61 Iowa, 534; *Courtright v. Courtright*, 53 Id., 57.

Under the rule settled by these cases, it is very clear that

**3. FRAUDULENT conveyance: husband to wife: consideration: money advanced by wife.**

the husband was under no legal obligation to repay that portion of the money received by him from the wife which he expended for the support of the family, and consequently it would not afford a valid consideration for the conveyance. But much the greater portion of the money received by him was expended for other purposes. It is proper to say, in this connection, that he did not receive the money to hold as the agent or custodian of the wife, but it was given to him to use for his own purposes, so that he became vested with the title to it at once. The question, then, is whether the law will imply an undertaking by the husband to repay the wife for money given him under such circumstances.

The statutes of this state governing the property rights of the husband and wife, as between themselves, are exceedingly liberal. Many of the common law disabilities of married women have been abrogated. Under these statutes they can hold and manage and control personal property to the same extent as though single. They can contract with reference to it, even with their husbands, and maintain actions in their own names for the enforcement of their contracts with reference thereto. And, when their property comes into the possession of their husbands, they are not divested of their right thereto, but may sue for its recovery. (Code, chapter 2, title 15.)

But none of these provisions, either in their letter or spirit, reach the question before us. The object of the legislature was to abrogate the disabilities imposed upon them by the common law. The mutuality of interest between the husband and wife which arises out of their relation is in no manner affected by the statute. The wife is benefited, as she always was, by the success of the husband in the business in which he engages. If she advances money or property to him to be employed in that business, they may contract for compensation therefor, and such contract will be valid and enforceable. But if she makes such advancement voluntarily, and without such contract, the reasonable pre-

sumption is that the advancement is made in view of the mutual benefits which are likely to accrue from the use of the advancement. Under such circumstances, the law will not create the relation of debtor and creditor between the parties. It will enforce the contracts of the parties, but it will not imply an agreement when the parties have not entered into one. The husband in this case, then, was under no legal obligation to repay the wife the money she had advanced to him. He was in no legal sense her debtor for the amount. It did not afford a consideration for the conveyance. As against the creditors of the husband, it must be regarded as a mere voluntary conveyance, which, although valid as between the parties, is fraudulent as to them.

The judgment of the circuit court will be reversed, with directions to enter a judgment subjecting the property to plaintiff's judgments, or, at the election of either party, such judgment will be entered in this court.

REVERSED.