## IN THE MATTER OF THE ESTATE OF PHILLIP KOCH, DECEASED.

*Wife loaning money to husband—No implied promise to repay.*

Where a wife advanced to the husband money, her separate property, which he expended in the improvement of his real estate and the payment of his debts; in the absence of an express promise by him to repay her at the time, no implied promise will arise to support a claim by her against his estate after his death.

*Decided June* 1, 1889.

EMMA KOCH the widow of Phillip Koch, and the administratrix of his estate, presented a claim in the sum of $2,574.70, and asked that the same be allowed as a valid claim against said estate. This sum less the accrued interest and dividends was paid to the Price Hill Eagle Loan and Building Association upon twenty shares which stood in the name of Emma Koch, and was withdrawn in installments by the husband with the approval of his wife, and expended by him in the improvement of his real estate and the payment of his debts. The allowance of this claim was resisted by the heirs.

Upon the trial Emma Koch testified that her husband had on two occasions promised to repay her, or convey to her certain property in settlement thereof; that he died without making such payment or conveying the real estate. To the testimony relating to the declarations of the husband, objection was made. It subsequently appearing that such declarations of the husband were not made in the presence of a third party competent to be a witness, and having been admitted subject to such objection by the heirs, the testimony relating to the declarations of the husband to the wife was subsequently ruled out by the court.

*Albert Bettinger*, for Emma Koch.
*Ferris, Morrow & Oldham*, for the heirs.

GOEBEL, J.

There was no other testimony offered to prove a promise on the part of the husband. We think that the testimony is sufficient, however, to warrant us in holding that this money was the separate property of the wife, and that the husband in his life time did not repay the same. There being no competent testimony to establish a promise on the part of the husband to repay, the question arises whether the law will imply an undertaking by the husband to repay the wife for money given him under such circumstances.

By the rules of the common law, married women are placed under many and severe disabilities, both as to their personal and property rights. The husband's dominion over the person and property of his wife is fully recognized. She is utterly incompetent to contract in her own name; her personal chattels are absolutely his.

Under section 3109, Revised Statutes, as it stood before the amendment of 1884 (Ohio L. vol. 81 p. 209) the wife could hold personal property separately, and the husband could not reduce it to possession without her express assent. By that amendment the wife may hold her separate property under her sole control, and she may in her own name during coverture contract to the same extent and in the same manner as if she were unmarried. She can contract with reference to it even with her husband, and when

such property comes into his possession she is not divested of her right, but may sue for its recovery.

The object of this legislation was to abrogate the disabilities imposed by the common law. But we do not think these provisions either in letter or spirit affect the question before us. The mutuality of interest between husband and wife which arises out of the relation is, in our judgment, not affected by this legislation. The presumption is that when a wife makes advancements to her husband, in view of the mutual benefits which are likely to accrue from such advancements, she has no claim against him or his estate unless there be an express promise to repay her. In the absence of such promise she cannot recover against her husband, his creditors or his heirs. The law will not create under such circumstances, the relation of debtor and creditor. *Jenkins* v. *Middleton*, 68 Md. 540; *Hanson* v. *Manley*, 72 Iowa 48.

We do not mean to say that she could at no time be a creditor of her husband. The court will enforce the contract of the parties if any exists, but it will not imply an agreement when the parties have not entered into a contract. If such money or other separate property has been received by the husband with the knowledge and acquiescense of the wife and without an express promise to repay her at the time, no im-

plied assumpsit, either legal or equitable, will arise to support a claim against the husband or his estate. *Grover & Baker Sewing Machine Company* v. *Radcliff*, 63 Md. 496.

To support the claim of the wife for money received by the husband, against the rights of *bona fide* creditors of the husband, it must appear that it was received by the husband under an agreement to repay her or to invest it for her use. *The Farmer's and Merchant's National Bank of Baltimore* v. *Jenkins*, 65 Md. 245.

It is mantained for Emma Koch that the money given by her to her husband can not be treated as a gift. It is not claimed by the heirs that it was a gift, nor does a presumption arise that it was; nor is it claimed that it was held in trust.

But the claim is that the money so given by her to her husband was a loan, and the case was tried upon that issue. And we place this decision on the ground that there being no testimony of an express promise to repay the money by the husband, an implied promise to repay can not arise, and he was therefore in no legal sense her debtor, and she can not recover. Her claim will be rejected as not being a valid claim against the estate.