MARGARET L. PORTER, Appellant, v. J. M. GOBLE & COMPANY *et al.*, Appellees.

| 88 | 565 |
| 98 | 389 |
| 88 | 565 |
| 103 | 141 |
| 103 | 476 |
| 88 | 565 |
| 134 | 327 |

1. **Fraudulent Conveyances:** TRANSACTIONS BETWEEN HUSBAND AND WIFE: EVIDENCE. In 1875 a wife received from her father's estate a sum of money which she gave to her husband, without taking any note or other evidence of indebtedness from him, and without any promise on his part to repay the money or to secure the payment of it to her, and thereafter permitted him to use it as he saw fit. The husband invested it in land in his own name, which he afterwards sold, and subsequently purchased other land in his own name, and so held it until 1890, when he conveyed it to his wife, without any consideration therefor other than the money she first let him have. On the day of this conveyance, an insolvent firm, of which the husband was a member, was dissolved, and it disposed of all its property, leaving the defendants and other creditors unpaid; and neither of the partners had any property, except the land conveyed as aforesaid. The defendants had trusted the firm, believing that the land in question belonged to the husband, and they had instituted proceedings to subject it to the payment of their claims. *Held,* that an action by the wife to quiet her title to the land as against the defendants was properly dismissed as being without equity.

2. **Husband and Wife:** RECOVERY OF PROPERTY FROM EACH OTHER: STATUTE CONSTRUED. Section 2204 of the Code, which provides that, should either the husband or wife obtain possession or control of property belonging to the other, the owner of the property may maintain an action therefor the same as if they were unmarried, does not give a husband or wife the right to recover from the other, as against the claims of creditors of that other, property which the one seeking to recover had given to the other, and on the faith of the ownership of which credit had been extended.

3. **Appeal:** QUESTIONS CONSIDERED ON APPEAL. The supreme court will not consider questions which do not appear to have been raised in the trial court.

*Appeal from Appanoose District Court.*—HON. W. I. BABB, Judge.

THURSDAY, MAY 25, 1893.

ACTION to quiet title to certain lands. There was a trial to the court, resulting in a decree against the

plaintiff, and judgment against her for costs, from which she appeals.—*Affirmed.*

*O. H. Law* and *Geo. D. Porter,* for appellant.

*T. M. Fee,* for appellees.

KINNE, J.—The plaintiff brought her action to quiet title to the north half of the southeast quarter of section 14, township 68, range 18, and the southeast quarter of the northeast quarter of the northeast quarter of section 22, township 67, range 18.

The defendants deny the plaintiff's ownership of the land. They aver that they each have judgments against her husband, A. J. Porter, and others, which are liens upon said land; that said judgments were recovered for goods sold to the firm of Williamson & Porter, while Porter was a member of said firm, and while the title to said land was in A. J. Porter, and said credit was extended to said firm under the belief that A. J. Porter was in fact the owner of the land in controversy; that the firm of Williamson & Porter have disposed of all their property with the intent to defraud their creditors, and to hinder and delay them in the collection of their claims; that said firm is insolvent; that on July 28, 1890, said A. J. Porter, the husband of the plaintiff, conveyed said land to her, without consideration, and for the purpose of defrauding, hindering and delaying said creditors in the collection of their claims; that the plaintiff participated in said fraud and fraudulent intent. A decree is asked setting aside the deed from A. J. Porter to the plaintiff, and declaring the defendants' judgments to be liens upon the land. It appears also that writs of attachment had been sued out by all of the defendants, except H. L. Spencer & Co., and levied upon the land in controversy. The plaintiff denied all of the allegations of the answer. The court dismissed the plaintiff's

petition, and decreed the judgments to be liens on the land in the order in which the attachments were levied, and ordered the land sold to satisfy said liens. The deed was also set aside, so far as the defendants' liens were concerned.

.I.   From the agreed statement of facts and the testimony introduced, it appears that the plaintiff, in 1875, married A. J. Porter. At that time he had no property. His wife received from her father's estate about one thousand, three hundred dollars. This money she let her husband have, but did not at any time take any note or other writing therefor; nor did he, at the time he received it, or afterwards, promise to return the money, or repay it to her, or to secure her in any way therefor. He was permitted to, and did, use it as he saw fit. There is nothing to show that the parties expected it would ever be repaid. It was in no sense treated as a loan to the husband. In 1876 the husband purchased eighty acres of land and paid this one thousand, three hundred dollars thereon. In February, 1882, he sold the land to one Wells, and during the same month purchased from one Shaffer the land now in controversy. The title to the land in both cases was taken in the name of the husband. Under the Shaffer purchase the husband continued to hold the title to the land until July 28, 1890, when he deeded it to his wife. The husband and wife resided on the land until 1889, when they rented it, and moved to Centerville, where the husband purchased an interest in a grocery, and became the partner of one Matt Williamson. This partnership existed until July 28, 1890, under the firm name of Williamson & Porter. On that day the firm disposed of all its property by sale to one Crawford, except a delivery wagon and horse, which they mortgaged for its full value to one McFarland. Prior to thus disposing of their property, the firm had become insolvent, and were owing over three

1. FRAUDULENT conveyances: transactions between husband and wife: evidence.

thousand dollars, including the indebtedness to the defendants herein. The creditors of the firm had, prior to July 28, 1890, been pressing the firm for settlement of its obligations. Defendants severally obtained judgments against the firm and the individual members for the amounts due them, and all of them, except H. L. Spencer & Co., sued out attachments, and levied them on the land involved in this action. Said judgments are unsatisfied. The firm had no property which it had not disposed of as heretofore stated. Neither of the partners has any property outside of this land. It is conceded that defendants extended credit to the firm on the ground that said land was owned by A. J. Porter.

The case needs no extended discussion. The facts stated show that the one thousand, three hundred dollars was a gift from the wife to her husband, without conditions, promise, or hope of repayment. So far as was in her power, she made this money the husband's and permitted him at all times to deal with it as his own. He transacted all of the business, bought the land. It does not appear that when the purchase was made she expressed a desire even that the title should be taken in her name. The money absolutely vested in the husband, and the law in such a case does not create or imply an agreement that he shall return it to the wife, when the parties have done nothing to indicate that such was the arrangement. To permit her, under such circumstances, to retain the land as against the claims of his creditors, would be holding out an inducement for fraud. The conveyance to the wife was voluntary and without consideration. *Courtright v. Courtright*, 53 Iowa, 57; *Patterson v. Hill*, 61 Iowa, 534; *Hanson v. Manley*, 72 Iowa, 48; *Romans v. Maddux*, 77 Iowa, 203; Bump on Fraudulent Conveyances, page 311.

II. The plaintiff claims that her rights to the land in controversy are controlled by Code, section 2204, which provides: "Should either the husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried." This statute was referred to in *Courtright v. Courtright*, 53 Iowa, 58, but the question as to whether it applied to property voluntarily given by a husband or wife to the other, or which had been rightfully obtained, was not decided. In *Patterson v. Hill*, 61 Iowa, 536, it was held that, if money or property of the wife in the husband's hands was used by him with her knowledge and consent, for purposes connected with the support of the family, without any arrangement for its repayment, she should not recover therefor. The object of the statute was, no doubt, to afford husband and wife a remedy for the recovery of property wrongfully or improperly withheld by the one from the other. We can not believe that by its enactment the legislature intended to give a husband or wife the right to recover from the other, as against the claims of creditors of that other, property which the one seeking to recover had given to the other, and on the faith of the ownership of which credit had been extended. The statute should not be given a construction which would work such a radical change in the rights and remedies of creditors of a husband or wife, unless it is clear that the lawmaking power so intended. We see nothing in the phraseology of the statute itself, or in the wrongs sought to be remedied by it, that would call for such an interpretation.

2. HUSBAND and wife: recovery of property from each other: statute construed.

III. It is insisted that in any event forty acres of this land were used as a homestead, and is therefore

3. APPEAL: questions considered on appeal.

exempt to the plaintiff from the liens of the defendants. In view of the condition of this record, we are precluded from determining this question. No such issue was presented by the pleadings, and it is but fair to presume that this claim is made for the first time in this court. We need not cite authorities to show that we can not consider matters, whether meritorious or not, which were not presented to and passed upon by the trial court.

The judgment and decree of the district court will be AFFIRMED.