23  291
78  410

## SWEENY v. DAUGHERTY.

1. Former adjudication: DIVISION OF CAUSE OF ACTION. A party cannot divide and recover in parts, by different actions, a claim which in its legal nature, is indivisible.

2. —— WHERE CLAIM IS LEGALLY DIVISIBLE. But a claim which is not in its legal nature single and entire, does not fall within the meaning of the rule. And where the owner of several and distinct pieces of property places the same in the hands of an agent, who disposes of and receives the money for the same, and it does not appear but that he sold the different pieces to different persons, and at different times, the owner in an action against such agent to recover the money received by him for certain items of such property, will not be barred by a former recovery against defendant for money received by him from the sale of other items of such property not included in the last action; especially when it does not appear that plaintiff knew when he brought the former action that the articles sued for in the last one had been sold and the money received therefor by defendant.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 6.

FORMER ADJUDICATION: SPLITTING CAUSES OF ACTION, ETC. The question in the case is, whether the action is barred by a certain other recovery by plaintiff against defend-

ant, before a justice of the peace. The present action was brought in March, 1866, in the District Court of Linn county. The plaintiff claims $332.50 and interest, and alleges that the defendant, as plaintiff's agent, sold and received the proceeds of the following property belonging to the plaintiff, viz. : One horse, six hogs and certain land, which he was to account for, but has failed and refused to do so. The answer pleads in bar the recovery mentioned below in the findings of the court. The court to whom the cause was tried by consent, found the following facts :

1. About October, 1864, plaintiff and one Spooner were partners in the mercantile business, and were the owners, as such, of a stock of goods, also of a certain parcel of land and one house, the value of the undivided half of which, plaintiff seeks to recover in this suit. Also plaintiff owned in his right certain hogs, of the value of $47.50, and a horse of the value of $70, which he also seeks to recover herein. The value of the undivided half of the land and house are $150, and $67.50 respectively, as claimed in the petition.

2. At the date aforesaid, plaintiff constituted defendant, his agent, to sell and dispose of all the property mentioned above, both partnership and individual, and to account to plaintiff therefor.

3. The defendant took possession of all the property, as such agent, about October, 1864, and about December 25, 1864, and disposed of the same, and realized therefrom fourteen hundred and some odd dollars, the exact amount over $1,400 not known.

4. About May, 1865, defendant paid plaintiff on account of such sales of said property          dollars.

5. On the 21st day of July, 1865, plaintiff sued defendant before Justice LOCKHART, on an account of which the following is a copy :

Sweeny v. Daugherty.

Dr.

| | | |
|---|---:|---:|
| To amount received of J. C. Spooner, ...... | $962 00 | |
| Also to bill in store,....................... | 118 00 | |
| Total, ........................ | 1080 00 | |

Cr.

| | | | |
|---|---:|---:|---:|
| By cash, ........................ | $60 00 | | |
| Cash by wife,.................... | 600 00 | | |
| Cash by G. Lockhart, ............ | 100 00 | | |
| Labor, ......................... | 80 00 | | |
| One sleigh, ..................... | 12 00 | | |
| Provisions furnished for hand, ..... | 128 10 | 980 10 | |
| Balance due, .................. | | $99 90 | |

And that said account was and is for a part of the moneys due plaintiff from defendant, on the sale of said property, to wit : for the balance due on the goods sold by defendant for plaintiff, and not including the property herein sued for.

6. That afterward, and on the 3d day of February, 1866, plaintiff in said suit recovered judgment against defendant before said justice, for the sum of $62.53 and costs, taxed at $7.55, and on appeal to this court said judgment was affirmed, and is still in full force and effect.

7. That the sum claimed by plaintiff was received by defendant for plaintiff's use, and has not been paid or accounted for in any manner, and is still due plaintiff unless the same is barred, and the plaintiff estopped by said suit above named.

Whereupon the court finds, as a conclusion of law, from the foregoing facts (with a serious doubt), that the transaction is not such an entirety as comes within the familiar rule, that a party will not be allowed to divide

his cause of action, and that, therefore, the court finds for plaintiff against defendant in the sum of $335.

Defendant excepted and appeals, and for error, assigns "that the court erred in its conclusion of law that the cause of action was not barred by the recovery of the former judgment."

*Thomas Corbett* for the appellant.

· For the money received by the defendant from the sale of plaintiff's property, the plaintiff had an action against defendant, and but *one* cause of action, and he cannot *split* it and bring separate actions thereon. Therefore the judgment rendered by the justice and affirmed in the District Court, was a bar to this action. 2 Cowen's Treatises, 167; 15 Wend. 557; 2 Allen (Mass.), 332; 1 Id. 47; 15 Johns. 432.

*W. G. Thomson* and *Smyth & Young* for the appellee.

DILLON, J.—Difficulty is frequently experienced in deciding questions of this character. This difficulty is

1. FORMER ADJU-DICATION: division of cause of action.

often increased instead of diminished, if reliance be alone placed upon adjudged cases in making the decision. That a party shall not be allowed to split up an entire and indivisible claim, and recover upon it in fragments, in different actions, is in itself most reasonable, and plain enough upon the authorities. For one and the same cause of action, a party should not be vexed with a multitude of suits. There is no reason why he should be. There are many reasons why he should not be. For if he may divide a single and entire cause of action once, what limit is there, but the caprice or will of the party, to endless division? What is dependent upon the caprice or will of an adversary, may be affirmed to be practically with-

out limit. To allow a single claim to be divided, and recovered in parcels, would be to sanction a doctrine which is without reason, and would lead to unnecessary and vexatious suits.

Effectually to prevent this, the law wisely holds, that a party cannot recover in parts, a claim which, in its legal nature, is indivisible. Thus, if the defendant had sold the horse of the plaintiff and received the money all at one time, or at different times, the plaintiff, after it was all received, could not divide or split up the amount and sue for it in different actions. This would be a plain case, and within the reason of the rule.

But, if defendant sold the horse to A, and then the hogs to B, the house to C, and the land to D, we do not 2. —— where think that such a claim is, within the mean-
claim is legal-
ly divisible. ing of the rule, single, entire, and, in its nature, so indivisible, that a recovery for the horse sold to A would bar an action for the land sold to D.

The finding of facts is silent as to whether the defendant sold the various articles of property to one person, at one time and by one contract, or to different persons at different times. It is also silent as to whether the plaintiff knew, when he brought his suit before the justice, that the articles now sued for had been sold, and the money therefor received by the defendant. As the *onus* of establishing his defense is upon the defendant, these material omissions in the findings make against him. In thus stating that a recovery for the horse would not bar a subsequent action for the land, we do not say that there may not be cases in which the transaction between principal and agent may consist of a multitude of items assimilating it to a running account, to which a different rule might apply. We decide the case upon its own circumstances, and are of the opinion that the court below drew the proper conclusion of law from the facts it found.

In reaching this conclusion, the consideration has had weight with us, that it is especially found that the former recovery, relied on as a bar " did not include the property herein sued for" so that the defense is more technical than intrinsically meritorious.

And the further consideration has influenced us, that the tendency of modern decision is strongly, and we think wisely in the direction of holding nothing to be barred except the precise matters which were involved and adjudicated in the first action. The exceptions to the rule, viz. : that nothing is barred except what was in issue and actually decided in the former suit, are being constantly reduced to narrower limits. In support of our conclusion we refer to the reasoning of the court in *Secor* v. *Sturgis* (16 N. Y. 548), overruling *Calvin* v. *Corwin* (15 Wend. 557), cited by appellant. The other cases referred to by him do not conflict with our opinion.

Affirmed.