Sarah A. O'Byrne, Plaintiff in Error, v. DeWitt C. Cregier and Eugene N. Merton, Defendants in Error.

## Gen. No. 17,685.

1. JUDGMENTS—*res judicata.* Recovery in an attachment suit in which plaintiff confined her claim to diamonds and other jewelry which defendant had converted into money does not bar recovery in an action of replevin with a count in trover added for a diamond not at the time of

attachment suit in possession of defendant but in the hands of an officer of the law.

2. ATTACHMENT—*splitting cause of action.* One suing in attachment for value of jewelry which defendant converted to his use is not obliged to include in his claim the value of a diamond so as to preclude recovery of the diamond itself in a subsequent action of replevin.

BAKER, J., dissenting.

Error to the Municipal Court of Chicago; the HON. MAX EBERHART, Judge, presiding. Heard in this court at the October Term, 1911. Reversed and remanded. Opinion filed June 30, 1913.

**Statement by the Court.** The plaintiff and plaintiff in error herein, Sarah A. O'Byrne, in December, 1910, accused the defendant, Eugene N. Merton, the defendant and defendant in error, of stealing certain jewelry from her. He was arrested for larceny but subsequently acquitted. But meanwhile Sarah A. O'Byrne had brought an attachment suit against him in the Municipal Court of Chicago, making affidavit that he was indebted to her in the sum of $275 "for diamonds and other jewelry which he has unlawfully taken from her possession and which he has converted into money," and that he was "about fraudulently to conceal, assign or otherwise dispose of his property or effects, so as to hinder and delay his creditors." This attachment was served by garnishment of the North Side State Savings Bank and the defendant Merton was summoned. On January 27, 1911, there was a trial by the court, without a jury, of this attachment suit, and the issues were found against the defendant as to the merits and as to the attachment and judgments for $275 entered in favor of the plaintiff against the defendant and against the garnishee on its answer.

The acquittal of Merton on the larceny charge was on January 17, 1911. On January 18, 1911, Sarah A. O'Byrne brought in the Municipal Court of Chicago the suit at bar in replevin against "D. C. Cregier,

custodian of the Police Department," in her affidavit for the replevin writ alleging that she was the owner and was lawfully entitled to the possession of "one diamond which is now in the custody of DeWitt C. Cregier, Custodian of the Police Department, and held by him for one Eugene N. Merton, who claims to be the owner thereof."

March 28, 1911, Cregier appeared and filed a plea, alleging that the diamond ring in the writ mentioned was in his possession as city custodian; that it was taken by the police of Chicago and held as evidence in a suit wherein the People of the State of Illinois was plaintiff and one Eugene N. Merton was defendant; that the said property was and is claimed to be the property of the plaintiff and also the property of the said Merton, and that the title and right of possession of the said property is in the said Merton.

On the same day on motion of the plaintiff, Sarah A. O'Byrne, it was ordered that all the records, papers and proceedings in the cause be amended by making Eugene N. Merton codefendant. Thereupon Merton appeared and in answer to interrogatories filed by the plaintiff claimed that he had purchased the ring about two years before in Pittsburgh. On the 28th of April, 1911, an alias replevin writ was issued for the diamond against "D. C. Cregier, Custodian of Police Department, and Eugene N. Merton," which described the goods and chattels detained as "One Diamond, which is now in the possession and custody and held by the said Cregier for one Eugene N. Merton, who claims to be the owner thereof, but is the property of said affiant."

May 22, 1911, Merton filed a written plea calling it "an additional and special plea," in which he set out that the plaintiff brought on December 6, 1910, and prosecuted to final judgment in case No. 154,237 in the Municipal Court her alleged cause of action against him, which said action included the diamond for the

recovery of which this action was brought, and that "by splitting her alleged cause of action against the defendant Merton she elected to abide by the amount in her said former action claimed and is precluded from maintaining the present action."

The 23d day of May, 1911, the plaintiff filed in the cause, what is denominated in the transcript a "count in trover," being a statement of claim as follows:

"Plaintiff's claim is for one diamond of the value of $350, the property of the plaintiff herein, now in the possession of D. C. Cregier, City Custodian, being the same diamond taken from E. N. Merton, defendant herein, which said D. C. Cregier has refused to surrender to the bailiff of this Court under the replevin writ in this case, and which he has converted to his own use."

When the cause came to trial before a judge of the Municipal Court sitting without a jury, it was stipulated that the property sought to be recovered in the suit was taken from the possession of the defendant Merton at the time of his arrest and prior to the commencement of the suit No. 154,257 by the police officers of the city of Chicago and turned over to the defendant, D. C. Cregier, as city custodian, to be held as evidence in the criminal case then pending against the defendant Merton in the Criminal Court of Cook county, for the larceny of said property and other property; that said Merton demanded this ring from the defendant Cregier on acquittal and it was refused; that the diamond was and is claimed by the plaintiff to be part of the property taken from her possession by the defendant Merton and that the judgment in case No. 154,237 of the Municipal Court of Chicago for the recovery of the value of the property, which had been converted into money, did not include the value of the diamond in controversy in this case, but "that the property recovered for in case No. 154,237 and the diamond sought to be recovered in this action were

taken at the same time from the possession of said plaintiff in this suit and constituted one and the same act.''

The ''Statement of Facts'' by the judge of the Municipal Court, after reciting the preceding stipulation, proceeds:

''The plaintiff herein does not claim the gold ring now held by the defendant, D. C. Cregier, but she does claim title to the diamond stone in said setting. The Court heard arguments of counsel   *   *   *   and decided as a matter of law that the plaintiff herein was barred from maintaining this action because she recovered a judgment in case No. 154,237 of the Municipal Court of Chicago, and that the plaintiff by proceeding now in the present action of replevin to recover the diamond stone now held by the defendant Cregier has split her cause of action and is barred from maintaining this suit.''

The court therefore entered final judgment against the plaintiff and in favor of defendants Merton and Cregier for the costs of suit, to reverse which judgment the plaintiff sued out the present writ of error.

CLYDE C. FISHER and ABRAHAM PRIVAT, for plaintiff in error.

WILLIAM H. SEXTON, for defendant in error; DEWITT C. CREGIER, HARRY J. GANEY, of counsel; HARRY L. STROHM, for defendant in error EUGENE N. MERTON.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant relies to sustain his judgment in this case on the fact that by stipulation it appears that ''the property recovered for'' (not, as the abstract says, ''the property recovered'') ''in the attachment suit, and the diamond sought to be recovered in this action were taken at the same time from the possession of.

the plaintiff in this suit and constitute one and the same act."

This is very bad English. Various pieces of jewelry "cannot constitute one and the same act." The statement of the alias replevin writ that Merton is the property of affiant is also subject to verbal criticism.

However, we suppose we know what is meant, although it seems strange that there should be an admission by stipulation that the diamond in question was taken at any time from the plaintiff's possession, since the defendant Merton, on oath, as the record shows, asserts that he bought it in Pittsburgh in the same setting in which it now is.

But in the difference between an admission that the "property recovered" and one that the "property recovered for" in the attachment suit was taken from the plaintiff, lies a suggestion of the difficulty in this case, which we find, as Judge Dillon found *Sweeny v. Daugherty,* 23 Iowa, 291, not entirely easy to decide on authority.

If the "attachment suit" against Merton had been a replevin suit, and if other diamonds or articles of jewelry had been recovered, and this diamond being still in Merton's possession had not been claimed by the plaintiff in that replevin suit, there would be no difficulty whatever in the present case.

Merton having by a single tortious act taken several articles, could stand, as the Supreme Judicial Court of Massachusetts in *Bennett v. Hood,* 1 Allen 47, said the defendants in that case could, on the maxim *"Nemo debet bis vexari pro una et eadem causa,"* and say that he could not be a second time sued for a single and indivisible act.

But this is by no means such a simple case.

Suppose Merton had stolen from the plaintiff four diamonds and given one to A., one to B. and one to C. and retained the fourth. Could not the plaintiff have

O'Byrne v. Cregier et al., 181 Ill. App. 569.

brought four replevin suits, one against Merton, one against A., one against B. and one against C., and recovered in each case the diamond itself, if she had proved property? And if Merton had sold the fourth diamond to a person unknown, so that it could not be traced, could she not in addition to, and without endangering the three replevin suits against A., B. and C., and instead of a replevin suit against Merton, bring a suit in trover against him and secure a money judgment for the value of the diamond he had so converted? And would it make any difference if she brought this trover suit against Merton for the value of the fourth diamond before she brought the replevin suits for the others which she could locate? And if the suit in replevin against A. failed because it was proved that before it was brought A. had, without the knowledge of the plaintiff, returned to Merton the diamond given to him, could not the plaintiff seek that diamond by a replevin suit against Merton, notwithstanding she had already sued him in trover for the value of one? And if he would not give it up on the writ, could she not add a trover count to the declaration in replevin and recover on that?

It is not necessary to answer these questions, but they suggest other questions that must be answered in this case.

When the plaintiff sued Merton in the attachment suit for money damages, she confined her claim to diamonds and other jewelry "which he had converted into money," as well as "taken unlawfully from her possession." At that time the diamond which she is now suing for was not in Merton's possession, but in that of Cregier as an officer of the law. Was she obliged to include its value in her claim against Merton and then on recovery pass the title to him and foreclose herself from recovery of the diamond itself? She thought not evidently, for she did not include its value

in her claim. Nor do we think so. The diamond might have had a sentimental value for her. She may have preferred it very much to its money value.

When the custody of Cregier of the diamond ceased to be the custody of the law, she sued him in replevin. We think she had that right. When he came in and plead in the informal way provided for in the practice of the Municipal Court, that he was a stakeholder and Merton claimed the property, she added Merton as a codefendant. We think she had that right also, and that her former suit in trover against him for other property was no bar. When the property was withheld on the writ, she filed what takes the place in the Municipal Court of a count in trover against both defendants, and we think this foreclosed her prosecuting the suit no more than did her former steps in it. We find nothing in serious contradiction in the cases cited to us to this conclusion which justice and right reason seem to demand. On the contrary, however, the whole tenor of the reasoning of Judge Dillon in *Sweeny v. Daugherty, supra,* is in favor of it. As he said in that case, we can say in this:

"In reaching this conclusion the consideration has had weight with us that it is especially found that the former recovery relied on as a bar 'did not include the property herein sued for,' so that the defense is more technical than meritorious. And the further consideration has influenced us, that the tendency of modern decisions is strongly, and we think wisely, in the direction of holding nothing to be barred except the precise matters which were involved and adjudicated in the first action."

Although not deciding the question, the opinion in *Bennett v. Hood, supra,* intimates strongly that in a supposititious case, which we think is analogous to the one actually at bar, the plaintiff might maintain two separate actions.

The judgment of the Municipal Court is reversed and the cause remanded to that court for adjudication on the merits.

*Reversed and remanded.*

MR. JUSTICE BAKER dissents.